ANTHONY SPADORCIA vs. SOUTH SHORE ORAL SURGERY
ASSOCIATES, INC.

Norfolk.   November 29, 1983. — January 11, 1984.

Present: HALE, C.J., KAPLAN, & PERRETTA, JJ.

*Practice, Civil,* Relief from judgment.

A motion under Mass.R.Civ.P. 60(b) to vacate a judgment of dismissal
on the ground that the moving party's counsel, as the result of an office
misfiling of his client's intended answers to interrogatories, had first
learned of the judgment some four years after its entry, was governed
by subdivision (1) rather than subdivision (6) of the rule and, as more
than one year had elapsed between the entry of judgment and the fil-
ing of the motion, a judge was without power to allow it. [363-364]

CIVIL ACTION commenced in the Superior Court on April
19, 1978.

A motion for relief from judgment was heard by *Abrams*, J.

*John F. Finnerty, Jr.,* for the defendant.

*Paul P. Hayes, Jr. (Thomas J. Carey, Jr.,* with him) for
the plaintiff.

HALE, C.J.  In this civil action for dental malpractice, the
docket discloses that the plaintiff received an adverse report
from the tribunal convened pursuant to G. L. c. 231, § 60B,
and timely filed a bond in the amount of $2,000 on August
28, 1978.  The defendant, on May 10, 1978, had filed inter-
rogatories along with its answer.  As no answers to those in-
terrogatories were filed, on November 21, 1978, the defend-
ant filed an application for dismissal under Mass.R.Civ.P.
33(a), as amended, 368 Mass. 906 (1976).  The record fur-
ther discloses that a notice of that application was sent to
the plaintiff, which notice stated in part that judgment of
dismissal would be entered unless answers were filed within
thirty days.  No response was received from the plaintiff,

and a judgment of dismissal was entered on January 3, 1979. A notice of dismissal was docketed on that day. On April 22, 1983, the plaintiff moved to vacate the judgment of dismissal (this motion replaced one which had been filed on January 18, 1983). An affidavit supporting the motion to vacate set out in pertinent part that answers to interrogatories signed by the plaintiff on April 1, 1979, were discovered on January 15, 1983, by plaintiff's counsel, "while moving office records." The affidavit further states that "they were found in a closed file, had disappeared from the file and procedures established in the office for monitoring client's files. The office file under plaintiff's name contains no notice of the filing of the application under rule 33(a) for a dismissal, nor has a copy of the application been discovered after exhaustive search of the office files." The motion to vacate was allowed by a Superior Court judge, and the defendant has appealed.

The question here is whether the plaintiff's motion was one which could have been brought under Mass.R.Civ.P. 60(b)(6), 365 Mass. 828 (1974), which has no fixed period of time within which a motion must be brought, or whether the motion should have been brought under Mass.R.Civ.P. 60(b)(1), and be subject to its time limitation of filing within one year after the entry of judgment. Rule 60(b)(6) may not "be used as an alternative vehicle to raise issues which should have been timely raised under rule 60(b)(2) or (3)." *Artco, Inc.* v. *DiFruscia*, 5 Mass. App. Ct. 513, 517 (1977). This is also true for a matter which should have been timely raised under rule 60(b)(1). *Murphy* v. *Administrator of the Div. of Personnel Adm.*, 377 Mass. 217, 228 n.13 (1979). The plaintiff points out in his affidavit and in his brief that the event which brought about the plaintiff's problem was the misfiling of the signed answers to interrogatories. This could only have happened because of mistake, inadvertence, or negligence. Relief from judgment in such a case may only be had under rule 60(b)(1), and a court is without power to afford relief unless a motion is brought within a year of its entry.

The plaintiff contends that he was properly granted relief under *Chavoor* v. *Lewis,* 383 Mass. 801, 802, 805-806 (1981). In that case "counsel for the plaintiff averred that he had never received notification of either the call for trial or the entry of judgment for the defendant . . ." The court stated (at 807): "We are persuaded that the circumstances of lack of notice alleged by plaintiff here, and believed by the . . . judge below, brought the case within subdivision (6) of rule 60(b). The judge, thus, had the power to grant the motion to vacate in the exercise of his discretion." Unlike *Chavoor,* in the case before us the plaintiff does not aver that he never received notice of the rule 33(a) application but states only that he has been unable to find it in the plaintiff's or any other office file. He makes no averment concerning the nonreceipt of the notice of the judgment of dismissal, yet such an averment and its acceptance by the trial judge were necessary to transpose the matter from one which could only have been brought under rule 60(b)(1) into one within rule 60(b)(6). Nor do we think it reasonable to infer that the affiant did not receive notice simply because he avers that he "first learned of the existence of a judgment of dismissal . . . on January 15, 1983." It is clear in the circumstances of this case that the judgment of dismissal stemmed from 60(b)(1) misfiling rather than 60(b)(6) lack of notice.

We are of opinion that the only appropriate subdivision of rule 60(b) under which plaintiff could have been allowed relief from judgment was subdivision (1) and as more than a year had passed from the entry of judgment to the filing of the motion, the court was without power to entertain it.

The order allowing the motion to vacate judgment of dismissal dated May 3, 1983, is vacated, and a new order of "motion denied" is to be entered. In keeping with his order referred to above, the judge denied the defendant's motion for assessment of costs in the amount of $2,000 and that the clerk (of court) deliver to the defendant the plaintiff's check for that amount which had been deposited pursuant to the

decision of the dental malpractice tribunal. The order denying that motion is also vacated and a new order of "motion allowed" is to be entered.

*So ordered.*