EFFIE ROBERSON *vs.* CITY OF BOSTON.

Suffolk. March 4, 1985. — April 3, 1985.

Present: GRANT, DREBEN, & WARNER, JJ.

*Practice, Civil,* Relief from judgment, Default.

Where a motion under Mass.R.Civ.P. 60(b) for relief from judgment and for leave to file answers to interrogatories late stated that the defendant's failure timely to answer interrogatories was due to "mistake, inadvertence and excusable neglect," and where a memorandum in support of the motion, asserting that the motion had been made pursuant to subdivision (6) of the rule, contained only equivocal statements, unsupported by affidavit, suggesting that the defendant had not received notice of the entry of judgment, the motion was governed by subdivision (1) rather than subdivision (6) of the rule and, as more than one year had elapsed between the entry of judgment and the filing of the motion, a judge was without power to allow it. [597-598]

CIVIL ACTION commenced in the Superior Court Department on January 6, 1981.

A motion for relief from judgment was heard by *George W. Cashman,* J., sitting under statutory authority. A motion for summary judgment was heard by *Mel L. Greenberg,* J.

*Martin Kantrovitz* for the plaintiff.

*Robert J. Schilling,* Assistant Corporation Counsel, for the defendant.

GRANT, J. On January 6, 1981, the plaintiff commenced an action against the defendant in the Superior Court under the provisions of G. L. c. 84, § 15 (see *Gallant* v. *Worcester,* 383 Mass. 707, 710-711 [1981]). She answered the defendant's interrogatories to her within the time agreed to by the defendant and then put interrogatories to it. Those interrogatories were not answered within forty-five days of their service on the defendant, and, on July 1, 1981, the plaintiff filed an application under the alternative procedure set out in the third paragraph

of Mass.R.Civ.P. 33(a), as amended effective January 1, 1976, 368 Mass. 907, for what that rule characterizes as a "final judgment for relief." See *Kenney* v. *Rust,* 17 Mass. App. Ct. 699, 701 (1984). The clerk's office sent notice of that application to the defendant on the following day. It is agreed that the defendant received the notice.

The answers to the interrogatories were not filed within thirty days of the date of the notice, and, on October 5, 1981, the plaintiff, acting under the fourth paragraph of rule 33(a), filed a reapplication for what the rule again characterizes as a "final judgment for relief." The docket discloses that such a judgment was entered on October 23, 1981, and that on the same day notice was sent to the parties under Mass.R.Civ.P. 77(d), 365 Mass. 838 (1974). A clerk's minute on the face of the judgment bears the same date and identifies by his initials the particular counsel for the defendant to whom the notice was sent.

On April 8, 1983, almost eighteen months later, the defendant filed a motion for relief from judgment and for leave to file the answers to interrogatories late. The motion was not supported by affidavit (compare *Kenney* v. *Rust,* 17 Mass. App. Ct. at 702) and contained only a bald assertion, taken from Mass.R.Civ.P. 60(b)(1), 365 Mass. 828 (1974), that the defendant's failure timely to answer interrogatories was due to "mistake, inadvertence and excusable neglect." A memorandum in support of the motion, filed some time later, asserted that the motion had been "made pursuant to Mass.R.Civ.P. 60(b)(6) [365 Mass. 829 (1974)]." Counsel[1] was forced to take that position because of the one-year limitation on the granting of relief under rule 60(b)(1), because the one-year period cannot be extended (Mass.R.Civ.P. 6[b], 365 Mass. 747 [1974]), and because the defendant's only chance of survival would be to proceed under Mass.R.Civ.P. 60(b)(6), which is not subject to the one-year limitation. *Chavoor* v. *Lewis,* 383 Mass. 801, 803-804, 806 (1981).

---

[1] The defendant's brief on appeal was prepared by the same counsel, but the case was argued by different counsel.

The aforementioned memorandum failed to address so much of the *Chavoor* case as makes clear that (6) of rule 60(b) can apply only when none of (1) through (5) of that rule is applicable. 383 Mass. at 805-806. See also *Parrell* v. *Keenan,* 389 Mass. 809, 814-815 (1983). The memorandum took the following murky approach to the question whether the defendant had received the notice of the judgment of October 23, 1981, which was reflected on the docket and on the face of the judgment itself: "Although a July 2, 1981 notice of the plaintiff's filing an Application Pursuant to Mass.R.Civ.P. 33(a) was received by the defendant City from the court, apparently no notice of the plaintiff's filing a Reapplication was received by the defendant city. Until notified on April 6, 1983, by the court that an Assessment of Damages in this action was scheduled for April 11, 1983, the defendant was unaware that a default judgment had been entered against the City of Boston." None of the foregoing was supported by affidavit.

A judge sitting in the Superior Court under statutory authority allowed the motion for relief from judgment. The plaintiff filed a timely notice of appeal, which lay dormant until she was forced to take another appeal from an erroneously granted summary judgment in the defendant's favor. The latter appeal brings up with it the interlocutory order (*Chavoor* v. *Lewis,* 383 Mass. at 803) allowing the motion under rule 60(b). Mass.R.A.P. 3(a), as amended, 378 Mass. 927 (1979).

We return to the ground for relief belatedly asserted by the defendant's counsel in her memorandum. The assertion that "the defendant was unaware that a default judgment had been entered" cannot be taken as an assertion that no notice of the entry of the judgment had been received. Compare *Spadorcia* v. *South Shore Oral Surgery Associates, Inc.,* 17 Mass. App. Ct. 362, 364 (1984). Nor does the defendant gain any advantage by the assertion that "*apparently* no notice of the plaintiff's filing a [r]eapplication was received by the defendant [c]ity" (emphasis supplied). The only thing apparent on this record is the transparency of counsel's assertion that a motion which read almost directly on rule 60(b)(1) had been "made pursuant to" rule 60(b)(6). In order to transform a matter which could

only have been brought under rule 60(b)(1) into one within rule 60(b)(6) there must be unequivocal averments concerning the nonreceipt of notice of entry of judgment which are believed by a judge. *Spadorcia* v. *South Shore Oral Surgery Associates, Inc.,* 17 Mass. App. Ct. at 364. There was no such averment in this case.

We think that in future cases involving attacks on the finality of judgments for nonreceipt of notice of entry of judgment,[2] judges would do well to supplement the provisions of the second paragraph of Rule 9 of the Superior Court (1974) by insisting on affidavits which set out clearly and specifically all the relevant facts relied on in support of the motion in question. Affidavits were filed in the *Chavoor* (383 Mass. at 802) and *Spadorcia* (17 Mass. App. Ct. at 363) cases, and they appear to reflect the preferred practice in the Federal courts. See, e.g., *Radack* v. *Norwegian America Line Agency, Inc.,* 318 F.2d 538, 541 & n.2 (2d Cir. 1963); *Standard Newspapers, Inc.* v. *King,* 375 F.2d 115, 116 (2d Cir. 1967); *Stradley* v. *Cortez,* 518 F.2d 488, 494-495 & n.9 (3d Cir. 1975); *Savitz* v. *G.D. Searle & Co.,* 94 F.R.D. 669, 670 (E.D. N.Y. 1982); 7 Moore's Federal Practice par. 60.28[3], at 321 (2d ed. 1983).

The summary judgment which was entered on April 20, 1984, and the order allowing the motion for relief from judgment are reversed. A new final judgment on liability is to be entered in favor of the plaintiff under Mass.R.Civ.P. 33(a) and 54(b) (365 Mass. 821 [1974]), and the case is to stand for an assessment of damages under Rule 41 of the Superior Court (1974).

*So ordered.*

---

[2] It should be noted that Mass.R.Civ.P. 77(d) was amended, effective January 1, 1984, by adding thereto the following: "Lack of notice of the entry [of judgment] by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for [*sic*] failure to appeal within the time allowed, except as permitted in Rule 4 of the Massachusetts Rules of Appellate Procedure, and except as relevant to a motion for relief from judgment under Rule 60 (b)(6) of the Massachusetts Rules of Civil Procedure." 390 Mass. 1210 (1984).