Louis Struett *vs.* Arlington Trust Company.

Middlesex.    October 15, 1986. — November 13, 1986.

Present: Grant, Kass, & Warner, JJ.

*Practice, Civil,* Relief from judgment, Default. *Rules of Civil Procedure.*

Failure by counsel for the defendant in a civil action to comply with the provisions of Mass.R.Civ.P. 11(d) by notifying the court of a change in counsel's address fell within the grounds provided for relief from judgment under subdivision (1) of Mass.R.Civ.P. 60(b), rather than those provided under subdivision (6) of the rule, and, as more than a year had elapsed between the entry of a default judgment for the plaintiff and the filing of the defendant's motion for relief from the judgment, a judge was without power to allow the motion. [155-156]

Civil action commenced in the Superior Court on July 9, 1975.

A motion for relief from judgment was heard by *Joseph S. Mitchell, Jr., J.,* and entry of judgment was ordered by him.

*Christopher W. Kita (Matthew D. Jones* with him) for the plaintiff.

*Paul F. Markham* for the defendant.

Warner, J.    At issue in this appeal is the consequence, in the circumstances, of the failure of the defendant's counsel to notify the court of a change of his address. Mass.R.Civ.P. 11(d), 365 Mass. 754 (1974).

A statement of the relevant procedural history of this case, which lingered in the Superior Court from complaint to final judgment for over ten and one-half years, is necessary. The plaintiff filed a complaint on July 9, 1975, alleging breach of an employment contract. The defendant answered and counterclaimed on August 1, 1975. On that pleading, the defendant's counsel listed his address as 84 State Street, Boston. The plaintiff duly filed an answer to the counterclaim. On May 19,

1976, an order of transfer to a District Court was revoked on motion of the plaintiff. No action having been taken since that date, an order was entered on June 29, 1978, that, unless the plaintiff moved within thirty days, the action would be dismissed. On July 17, 1978, the plaintiff made a request for the production of documents to which the defendant responded on July 31, 1978. On August 9, 1978, the case was ordered to be placed on the trial list.

The defendant's counsel moved his office from 84 State Street to 160 State Street, Boston, in December of 1979. He claims that he notified the post office of the change but thereafter received no correspondence or notices from plaintiff's counsel or from the court.[1] At no relevant time did the defendant's counsel notify the court of the change of address in accordance with the provisions of rule 11(d).[2]

When the case was called for hearing, the defendant failed to appear and an order of default was entered on June 4, 1980. The plaintiff was ordered to move for the assessment of damages within thirty days. The docket entries indicate that copies of both orders were mailed.[3] Thereafter, a motion for assessment of damages was filed. On May 6, 1982, an order was entered directing dismissal of the defendant's counterclaim and an assessment of damages "as soon as possible"; the docket indicates that copies of the order were mailed. A judgment for damages (Mass.R.Civ.P. 55[b][2], 365 Mass. 822 [1974]) in the amount of $6,612.35, plus interest of $3,959.67, was entered on May 27, 1982. The docket entries indicate that copies were mailed. What appears to be a clerk's minute on the back

---

[1] Although the source and accuracy of his knowledge may be questioned, the defendant's counsel claims that after notice to the post office "all mail was forwarded to the new address." The defendant does not claim that the notices referred to in the text of this opinion were not sent.

[2] When "a heretofore stated address . . . is changed, the party or attorney concerned shall notify the court . . . in writing . . . . Until such notification the court, parties, and attorneys may rely . . . on notice, at an address previously entered." 365 Mass. 754.

[3] In each case where the docket indicates "copies mailed," we assume that means copies were mailed to both counsel at the respective addresses given on their initial appearances. Neither party argues otherwise.

of the judgment suggests that notice to the defendant's counsel was mailed to his changed address, 160 State Street. A so-called "final judgment" was entered on June 29, 1982.[4]

On July 25, 1983, the defendant filed a motion, styled as one for relief from judgment under Mass.R.Civ.P. 60(b)(6), 365 Mass. 828 (1975). In addition to the claim by the defendant's counsel of failure to receive notice, he alleged, in material part, the following.[5] The envelope containing the notice from the court that a hearing on the assessment of damages was scheduled on May 26, 1982, and addressed to 84 State Street, was returned to the court by the post office with a notice of change of address to 160 State Street.[6] The first time that the defendant's counsel knew of the judgment was when, on July 22, 1983, he was advised by the defendant that the plaintiff's counsel had made demand for payment by letter of July 7, 1983. Later, the defendant's counsel was advised by the plaintiff's counsel that "there was a reason" for the just over one year delay from judgment to demand for payment. The defendant had no knowledge of the judgment until receipt of the letter of July 7, 1983. A judge of the Superior Court allowed the motion.

When the case was next called for trial, the plaintiff's counsel appeared, but the plaintiff did not; a judgment of dismissal with prejudice entered on February 4, 1986. From that judgment the plaintiff appeals, alleging as error the allowance of the defendant's motion for relief from judgment under rule 60(b)(6).

---

[4] This judgment may have been entered in an excess of caution, as the defendant had filed a counterclaim. See Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974). The counterclaim had been dismissed by order of May 6, 1982.

[5] The motion was unaccompanied by an affidavit. The motion was filed and decided almost two years before our decision in *Roberson* v. *Boston*, 19 Mass. App. Ct. 595 (1985), where we said, at 598: "We think that in future cases involving attacks on the finality of judgments for nonreceipt of notice of entry of judgment, judges would do well to supplement the provisions of the second paragraph of Rule 9 of the Superior Court (1974) by insisting on affidavits which set out clearly and specifically all the relevant facts relied on in support of the motion in question" (footnote omitted).

[6] A copy of this envelope does not appear in the appendix.

Assuming the lack of actual notice of relevant proceedings and actions of the court, the issue presented is whether the failure of the defendant's counsel to comply with the provisions of rule 11(d) by notifying the court of his change of address falls within the grounds provided for relief from judgment under rule 60(b)(1), 365 Mass. 828 (1974), or those provided under rule 60(b)(6). If the motion essentially alleges facts which would warrant relief on the basis of "mistake, inadvertence . . . or excusable neglect," then, however titled, see *Roberson* v. *Boston,* 19 Mass. App. Ct. 595, 596-598 (1985), it was late filed, as such a motion may only be brought, by the terms of rule 60(b), within one year of the judgment. That period cannot be extended. Mass.R.Civ.P. 6(b), 365 Mass. 747-748 (1974). If the reasons for relief fall within rule 60(b)(1) (or any of the other first five subdivisions of rule 60[b]), a motion for relief under rule 60(b)(6) does not lie on those grounds. *Chavoor* v. *Lewis,* 383 Mass. 801, 805-806 (1981). *Parrell* v. *Keenan,* 389 Mass. 809, 814-815 (1983). *Roberson* v. *Boston, supra* at 597. If the motion is founded on rule 60(b)(6) — "any other reason justifying relief" — it may be brought within a reasonable time, and we review the judge's action on the motion only to determine whether there has been abuse of discretion. *Parrell* v. *Keenan, supra* at 815, and cases cited.

The default judgment entered in this case was the result of the mistake, inadvertence or neglect of the defendant's counsel in failing to comply with the provisions of rule 11(d) by notifying the court of his change of address. Therefore, the motion for relief from judgment fell squarely within the provisions of rule 60(b)(1). See *Blois* v. *Friday,* 612 F.2d 938 (5th Cir. 1980) (failure to notify court of change of address); *Spadorcia* v. *South Shore Oral Surgery Associates,* 17 Mass. App. Ct. 362 (1984) (failure to file answers to interrogatories); *Roberson* v. *Boston, supra* (same); *Wilkinson* v. *Guarino,* 19 Mass. App. Ct. 1021 (1985) (failure to notify court of new telephone number in violation of rule 11[d]). Cf. *Bird* v. *Ross,* 393 Mass. 789, 791-792 (1985) (defendant's carelessness in giving an inappropriate address). However, as the motion was brought

more than a year after the entry of judgment, the judge was without power to allow it. *Chavoor* v. *Lewis, supra* at 803-804.

This case is unlike *Chavoor* v. *Lewis, supra* at 806-807, where the failure of the *court* to notify the plaintiff of a call for trial and the entry of judgment was held to constitute a "sufficiently fundamental flaw" so as to bring the motion for relief from judgment within rule 60(b)(6). See also *Bushnell* v. *Bushnell,* 393 Mass. 462, 474-475 (1984). Here, the court acted properly throughout in sending notices to counsel's address of record. Indeed, contrary to the defendant's argument, there is strong suggestion in the record that notice of the entry of the judgment for damages was sent to the new address of the defendant's counsel. In the circumstances, to excuse the defendant's counsel's failure to comply with rule 11(d) by affording relief under rule 60(b)(6) would emasculate rule 11(d) and impose an intolerable burden on the court.

The defendant's bald assertions in three sentences of its brief that the plaintiff waited over a year to attempt to collect on the judgment and that the plaintiff's counsel said "there was a reason" for the delay do not rise to the level of appellate argument. Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). See *Lolos* v. *Berlin,* 338 Mass. 10, 13-14 (1958); *Hastoupis* v. *Gargas,* 9 Mass. App. Ct. 27, 39 (1980); *Commonwealth* v. *Whitford,* 16 Mass. App. Ct. 448, 452 (1983).

The order allowing the motion for relief from judgment and the judgment of dismissal which was entered on February 4, 1986, are reversed. A new judgment for damages is to be entered for the plaintiff.

*So ordered.*