## PAUL H. TIBBITTS *vs.* BERNARD J. WISNIEWSKI.

No. 88-P-1269.

Middlesex. June 12, 1989. — August 18, 1989.

Present: DREBEN, KASS, & SMITH, JJ.

*Practice, Civil*, Relief from judgment. *Judgment*, Default, Relief from judgment.

A judge of the Superior- Court lacked discretion under Mass.R.Civ.P. 60(b)(6), twenty months after entry of a default judgment in a civil action, to allow the plaintiff's motion for relief from that judgment, where the reasons advanced in the Superior Court, namely, mistake or excusable neglect, or misrepresentation by opposing counsel, were comprehended either by Mass.R.Civ.P. 60(b)(1) or (3) and thus were subject to the rule's one-year limitation. [731-734]

CIVIL ACTION commenced in the Superior Court Department on May 7, 1986.

A motion to vacate a default judgment was heard by *Joseph S. Mitchell, Jr., J.*

*Dianna R. Stallone* for the defendant.
*Edward J. O'Brien* for the plaintiff.

KASS, J. Twenty months after a default judgment in favor of the defendant entered under Mass.R.Civ.P. 33(a), as amended 368 Mass. 906 (1976), for failure to make discovery, the plaintiff moved to vacate judgment under Mass.R.Civ.P. 60(b)(6), 365 Mass. 829 (1974). A Superior Court judge allowed the motion. We conclude that he lacked discretion so to do and vacate the allowance of the motion.

The pertinent facts are procedural. On May 7, 1986, Tibbitts, the plaintiff, filed a medical malpractice action against Wisniewski, a surgeon. Simultaneously with his answer, the defendant served on the plaintiff a request under Mass.R.Civ.P. 34, 365 Mass. 792 (1974), for the production of documents.

On September 5, 1986, the defendant served interrogatories to be answered by the plaintiff. See Mass.R.Civ.P. 33(a). Under the mistaken impression that no response to discovery was required until a medical malpractice tribunal had ruled, plaintiff's counsel did not dignify the defendant's requests for discovery with a reply. See *Spadorcia* v. *South Shore Oral Surgery Assoc.*, 17 Mass. App. Ct. 362 (1984). In the ordinary course, production of documents should have been made by September 17, 1986, and answers to interrogatories should have been served by October 20, 1986. Mass.R.Civ.P. 33(a).

Some telephone traffic occurred during September and October between a paralegal in the office of defense counsel and the plaintiff's trial counsel,[1] the upshot of which was to extend to October 31, 1986, the time for the plaintiff to respond to the defendant's discovery. When that date came and went without any communication from the plaintiff's lawyer, defense counsel on November 7, 1986, filed and served an application under the third paragraph of rule 33(a) for a judgment of dismissal and a motion under Mass.R.Civ.P. 37(a), 365 Mass. 797 (1974), to compel production of documents. By reason of the plaintiff's continued inaction, and upon the defendant's reapplication under rule 33(a), fourth paragraph, a judgment of dismissal was entered on December 16, 1986. The motion to compel production was allowed December 23 and required the plaintiff to produce within thirty days.

To these orders there was no response of record. The plaintiff's former counsel states by affidavit that he spoke to defense counsel and that she had agreed to stay discovery pending the submission of an offer of proof to the medical malpractice tribunal. That occurred on December 16 and the tribunal reported favorably to the plaintiff on December 18. Aware of the adverse default judgment, the plaintiff's lawyer solicited the assent of his counterpart on the defense side to a motion to vacate. She agreed.

Nothing passed between the lawyers in writing. The plaintiff's counsel states by affidavit that he understood his oppo-

---

[1] Different counsel appear on the appeal.

nent's assent to a motion to vacate judgment to be unlimited in time. Defense counsel says that her assent to a plaintiff's motion to vacate assumed prompt action by the plaintiff accompanied by response to the defendant's interrogatories and his motion to produce. "It is to avoid just such controversies that written stipulations to be ordered by the [c]ourt are required to validate extensions of time." *United States* v. *Martin*, 395 F.Supp. 954, 960 (S.D. N.Y. 1975). We do not suggest that every routine courtesy extended by one lawyer to another must be buttoned down with documentation. Given the hole that plaintiff's counsel had dug himself into, however, the grace requested by the plaintiff's lawyer was more than routine and it is not too much to ask of a reasonably diligent lawyer that he confirm in writing any assent so implausibly open-ended as that ascribed to defense counsel.

On February 26, 1987, the plaintiff provided some documents which defense counsel describes as incomplete. She so notified her adversary. Thereafter, silence. By July, 1987, defense counsel took the case as abandoned by her opponent. More than a year later, on August 3, 1988, and one year and eight months after judgment had been entered for the defendant, the plaintiff, represented by new counsel, filed a motion to vacate the judgment under rule 60(b)(6).

On these facts the plaintiff suffers some embarrassment. The excuse for his lawyer's inaction has the ring of "mistake, inadvertence [he overlooked a formality], surprise, or excusable neglect," rule 60(b)(1), or "misrepresentation, or other misconduct of an adverse party," rule 60(b)(3). A motion under rule 60(b)(1) or (3), however, must be made within one year and rule 60(b)(6), "any other reason justifying relief," cannot be used to extend the one-year limitation. More than a year had gone by. One may not, however, move to vacate judgment for a (b)(1) or (b)(3) reason by moving under (b)(6). *Murphy* v. *Administrator of the Div. of Personnel Admn.*, 377 Mass. 217, 228 (1979). *Parrell* v. *Keenan*, 389 Mass. 809, 814-815 (1983). *Bird* v. *Ross*, 393 Mass. 789, 791 (1985). *Artco, Inc.* v. *DiFruscia*, 5 Mass. App. Ct. 513, 517 (1977). *Spadorcia* v. *South Shore Oral Surgery Assoc.*, 17 Mass. App. Ct. at 363-364.

Aware of this predicament, the plaintiff takes the posture that his first counsel's neglect was not the consequence of mistake, inadvertence, surprise, excusable neglect or having been drawn off-base by opposing counsel. Rather, the plaintiff's stance is that his lawyer was grossly, inexcusably dilatory and neglectful. It is an astute position. Courts are chary about default judgments. *Schwab* v. *Bullock's, Inc.*, 508 F.2d 353, 355 (9th Cir. 1974). *Meehan* v. *Snow*, 652 F.2d 274, 277 (2d Cir. 1981). 11 Wright & Miller, Federal Practice & Procedure § 2857 at 160 (1973). In several Federal cases, courts have been persuaded to afford relief under clause (6) of the rule on the ground that the gross neglect of attorneys who failed to prosecute their cases ought not to be visited upon their clients. See *L.P. Steuart, Inc.* v. *Matthews*, 329 F.2d 234, 235 (D.C. Cir. 1964); *Jackson* v. *Washington Monthly Co.*, 569 F.2d 119, 122-123 (D.C. Cir. 1977); *King* v. *Mordowanec*, 46 F.R.D. 474, 477-480 (R.I. 1969). See also the discussion in 7 Moore's Federal Practice § 60.27[2] (2d ed. 1987), in which the cases are summarized and criticized.

It is not an approach which commends itself to us. Litigants, lawyers, and courts are entitled to finality when cases go to judgment, and the use of rule 60(b)(6), therefore, has extremely narrow and meagre scope. See *Ackermann* v. *United States*, 340 U.S. 193, 202 (1950); *Artco, Inc.* v. *DiFruscia*, 5 Mass. App. Ct. at 517; *Bowers* v. *Board of Appeals of Marshfield*, 16 Mass. App. Ct. 29, 33 (1983). An overactive imagination is not required to foresee that, were egregious inattention of counsel a routine occasion for circumventing the time limits written into rule 60(b) in clauses (1), (2), and (3), there would be a Danse Macabre of dead cases rising and rattling their dusty bones anew. If a motion timely brought under rule 60(b)(1) may succeed only for "excusable neglect," it defeats the rule to permit it to be circumvented in clause (6) in cases of altogether inexcusable neglect. There is something discordant about the proposition that if a party merely trips on a procedural requirement and moves to set things right, the time for remedy is limited, but if the party is altogether slipshod, unheeding, and somnolent for more than a year, the time for remedy is unlimited.

Clients, to be sure, may lose substantive rights because of the gross neglect of their lawyers, but litigants are properly bound by the conduct of their attorneys. *Link* v. *Wabash R.R. Co.*, 370 U.S. 626, 633-634 (1962). *Kravetz* v. *Lipofsky*, 294 Mass. 80, 83 (1936). *Hackney* v. *Butler*, 339 Mass. 605, 608-609 (1959). *Jabaily* v. *Cullen*, 18 Mass. App. Ct. 943, 944-945 (1984). *Universal Film Exchanges, Inc.* v. *Lust*, 479 F.2d 573, 576-577 (4th Cir. 1973). *Brown* v. *E.W. Bliss Co.*, 72 F.R.D. 198, 199-201 (D. Md. 1976). While we have expressed reluctance about applying this principle categorically, see *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. 426, 431 & n.10 (1979), we think it apt to do so when the lapse of time after judgment has been so long. To do otherwise would subvert the objective of finality written into rule 60(b), cf. *Struett* v. *Arlington Trust Co.*, 23 Mass. App. Ct. 152, 156 (1986), and would, after an unreasonable lapse of time, defeat the reasonable expectations of the party for whom judgment was entered. On several occasions of egregious failure to make discovery we have expressed concern about not so blunting the rules as to render them paper tigers. See *Kenney* v. *Rust*, 17 Mass. App. Ct. 699, 703 (1984); *Greenleaf* v. *Massachusetts Bay Transp. Authy.*, 22 Mass. App. Ct. 426, 430 (1986). Contrast *Chavoor* v. *Lewis*, 383 Mass. 801, 806 (1981), which had to do with failure by a court to notify the plaintiff of a call for trial.

If one peels away the gross negligence argument advanced by the plaintiff and examines the reasons he urged upon the Superior Court judge in support of a favorable exercise of discretion on his motion to vacate judgment, those reasons turn out to fit the mold of rule 60(b)(1) and (3): plaintiff's counsel thought defense counsel would assent to a motion to vacate judgment whenever plaintiff's counsel made the motion,[2] i.e., mistake or excusable neglect (clause 1); plaintiff's counsel was misled by what he claimed was the misrepresentation of defense counsel (clause 3). As we have seen, the

---

[2] If plaintiff's counsel assumed that just because opposing counsel assented to a motion to vacate judgment a judge was bound to allow it, that assumption was unwarranted.

Tibbitts *v.* Wisniewski.

time limits on a (b)(l) or (b)(3) motion may not be extended by the expedient of bringing it under (b)(6).

We conclude that, on these facts, the judge was without discretion to allow the motion to vacate judgment. Compare *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. 426, in which we dealt with the exercise of discretion under clause (b)(1).

*Order allowing motion to vacate*
*judgment vacated.*