EDWARD J. KEENAN *vs.* MAYBROOK, INC., & others.[1]

No. 95-P-239.

Essex. January 5, 1996. - March 12, 1996.

Present: PERRETTA, KASS, & FLANNERY, JJ.

*Practice, Civil,* Relief from judgment. *Judgment,* Relief from judgment. *Rules of Civil Procedure.*

Neglect of counsel to file with the clerk of a Superior Court an express notice of change of address did not provide a basis for relief from judgment under Mass.R.Civ.P. 60 (b) seventeen months after judgment had entered on the ground that the attorney had not received either notice of a pretrial conference (at which the matter was dismissed for failure to prosecute) or the notice of dismissal of the case. [146-147]

CIVIL ACTION commenced in the Superior Court Department on May 24, 1990.

A motion to vacate an order of dismissal, filed on December 6, 1994, was heard by *Isaac Borenstein, J.*

Leave to prosecute an interlocutory appeal was allowed by *Ireland, J.*

*Paul M. Richardson* for Maybrook, Inc.

*Erin M. Brown* for Malden Mills Industries, Inc.

*William P. Franzese* for the plaintiff.

KASS, J. On the authority of *Chavoor* v. *Lewis*, 383 Mass. 801, 803-805 (1981), *Struett* v. *Arlington Trust Co.*, 23 Mass. App. Ct. 152, 155-156 (1986), and *Tibbitts* v. *Wisniewski*, 27 Mass. App. Ct. 729, 731 (1989), we reverse an order allowing a motion under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), to vacate judgment.

Chief among the applicable points made in those cases is that if a party moves for relief from judgment under rule

---

[1]Malden Mills Industries, Inc. A third original defendant, Joseph Duffy, is not involved with the appeal.

60(b) for reasons of mistake, inadvertence, or excusable neglect, the one-year limitation period that applies to such motions cannot be extended by categorizing the motion as one brought under subparagraph (6) of the rule, i.e., "any other reason justifying relief from the operation of the judgment." Here, the motion for relief from judgment was made seventeen months after it was entered. We are of opinion that the motion was based on neglect of counsel, was tardy, and that the motion was erroneously granted. Compare *Broome* v. *Broome, post* 148 (1996), in which the plaintiff took steps to undo a default judgment before entry of final judgment, see also *Guarino* v. *Wilkinson*, 19 Mass. App. Ct. 1021, 1022 (1985), in which a motion to vacate judgment was brought within thirty days of the judgment.

This was a slip and fall case, initiated by complaint dated May 24, 1990, filed with the Superior Court in Essex County. On that date, the lawyer for the plaintiff, Mr. William P. Franzese, had his office at Two Center Plaza, Boston, and so his initial pleading noted. Sometime in 1991, Mr. Franzese moved his office to 18 Tremont Street, Boston.

There was a pretrial conference before a judge of the Superior Court on February 25, 1993, with Mr. Franzese, Ms. Sara Gens Birenbaum, counsel for the defendant Maybrook, Inc., and Ms. Erin Brown, counsel for the defendant Malden Mills Industries, Inc. All counsel agreed to attempt mediation, and the judge set down a further pretrial conference for June 14, 1993, at 3 P.M. There was an unsuccessful mediation session on June 3, 1993. Ms. Birenbaum and Ms. Brown appeared before the Superior Court judge who was managing the case at the scheduled date and time, viz., June 14, 1993, at 3 P.M. Counsel for the plaintiff did not show up. Following a second call of the case forty-five minutes later, the Superior Court judge ordered entry of a judgment of dismissal for failure to prosecute. Judgment of dismissal was entered on the docket on July 1, 1993.

For the next fifteen months there was silence. On October 5, 1994, Mr. Franzese wrote to the clerk of the court for civil business, requesting that the case be scheduled for trial, reporting that all discovery had been completed and that "[a] pretrial conference was held last week." Of course, no pretrial conference had taken place the previous week. That statement was pure fiction which Mr. Franzese, in argument before

us, attributes to clerical error. Mr. Franzese's letter had the desired effect; the case was placed on the trial list for December 19, 1994, and notice so stating was sent to astonished counsel for the defendants, who had thought the case long dead. There followed an order entered on the docket on November 21, 1994, that removed the case from the trial list because it had been placed there erroneously. That action by the court impelled Mr. Franzese to bring what he denominated an "emergency motion" to vacate the judgment of dismissal. By this time, it is apparent, Mr. Franzese learned how the judgment of dismissal had come about because the reasons he gave for his motion were that he had not received any notice from the court advising him of a pretrial conference on June 14, 1993, and that he had never received any notice of dismissal of the action. The motion to vacate judgment was allowed. A single justice of this court gave leave to the defendants Maybrook and Malden Mills to take an interlocutory appeal from the Superior Court order vacating judgment of dismissal.

One may view skeptically Mr. Franzese's statement that he knew nothing about a June 14, 1993, pretrial conference that the other parties and the Superior Court judge *did* know about. Nevertheless, it was for the Superior Court judge to sort out questions of credibility. As to the pretrial conference, there are no docket notations. The judge may have found that Mr. Franzese did not get the word about the June 14th conference and if there were an entire lack of notice, then, under *Chavoor* v. *Lewis*, 383 Mass. at 807, the case could come within subdivision (6) of rule 60(b). That, however, is not all there is to it. The docket does note entry of the judgment of dismissal and, in the ordinary course, notice was sent to counsel for the parties. Plaintiff's counsel does not dispute this but says that he did not get notice — apparently because he had moved his office.

Mr. Franzese acknowledges that *Struett* v. *Arlington Trust Co.*, 23 Mass. App. Ct. at 155-156, establishes the duty of counsel to notify the court of a change of counsel's address and that the failure to do so does not provide a basis for invoking relief under rule 60(b)(6). But, Mr. Franzese argues, he discharged that duty by placing his new address (18 Tremont Street, Boston) at the bottom of pleadings, after his signature, beginning with documents filed on July 16, 1991.

That is not a satisfactory response. Discharge of the responsibility of notifying the clerk of the court of a change of address requires, preferably, a separate document dedicated to that purpose or, at the very least, a document which by its caption shows that notice of change of address is part of the purpose of the document. Anything less would impose an altogether unreasonable burden on the clerks of the courts.

In Essex County, where this action is lodged, there were 3,009 civil cases entered in 1993. The Essex County clerk receives papers in two locations, Lawrence and Salem. If one adds to those 3,009 the number of cases still active from prior years, it becomes dramatically manifest how formidable a task it would be for docket clerks to examine the signature block of every pleading that comes in to check if it discloses an address different from that shown on the docket. The failure of Mr. Franzese to file with the clerk an express notice of change of address was neglectful, at best; at worst, inexcusable. Either way, that neglect would not provide a basis for application of rule 60(b)(6). *Tibbitts* v. *Wisniewski*, 27 Mass. App. Ct. at 732-734.

There is a final point. The plaintiff asserts that the judgment of dismissal was entered only against the defendant Joseph Duffy. This is a disingenuous proposition. Duffy was never served, never filed a responsive pleading, was not involved in discovery or mediation, i.e., was not in the case. A joint pretrial memorandum subscribed to by the parties did not include Duffy and did not list him as a defendant. The judgment of dismissal, by its terms, recited that the matter had come before the court for a pretrial conference, a conference only the plaintiff, Maybrook, and Malden Mills had been directed to attend. The second sentence of the order was: "For failure to prosecute and/or defend, a judgment of dismissal is entered." The judgment is not limited to a particular defendant. That an assistant clerk, in handwriting, wrote the name of only one of the defendants in the caption of a preprinted form does not produce the weighty consequence the plaintiff attempts to ascribe to it.

The order vacating the judgment of dismissal is vacated and the judgment of dismissal is reinstated.

*So ordered.*