van Gestel, J.
For the second time post-judgment, this case is before the trial court on a motion by the plaintiff, Vimal Desai (Desai), seeking relief from judgment after a defendant’s verdict in a medical malpractice action. On June 10, 1998, the Appeals Court granted Desai, there the appellant, leave to file this *598 Rule 60(b) motion in the trial court. As a result, appellate proceedings have been stayed to July 10, 1998.
On June 24, 1998, counsel for the parties, having previously filed the motion, together with affidavits and memoranda in connection therewith, appeared before the Court and presented their oral arguments on the motion.
On December 4, 1996, after a three-day trial, a Worcester County jury returned a verdict in favor of the defendant, Mohan Korgaonkar, M.D. (Dr. Korgaonkar), finding him not negligent in his treatment of Desai for appendicitis.[1] Judgment was entered in Dr. Korgaonkar’s favor on January 21, 1997. On March 3, 1997, this Court denied Desai’s motion for a new trial [6 Mass. L. Rptr. 622). A notice of appeal was thereafter timely filed. The Court has been advised that the appeal has been fully briefed and is currently awaiting the scheduling of oral argument in the Appeals Court.
The Rule 60(b) motion now under consideration was filed, with leave of the Appeals Court, on June 16, 1998. The motion papers recite that it is predicated on Mass.R.Civ.P. 60(b)(3) and 60(b)(6).
At the trial in 1996, Dr. Korgaonkar appeared as a witness on his own behalf during the presentation of his case-in-chief. Near the end of a lengthy direct examination by his attorney, Michael R. Mosher (Mr. Mosher), Dr. Korgaonkor was asked the following question:
Now, Dr. Korgaonkar, is this the first time you’ve been sued for medical malpractice?
Over Desai’s counsel’s objection, this Court — erroneously it believes, upon reflection[2] — allowed Dr. Korgaonkar to respond. His answer was:
Yes, sir. Since last maybe, twenty years of my practice this is the first time ever, and hopefully the last.
In addressing Desai’s earlier motion for a new trial on March 3, 1997, this Court stated in its Memorandum and Order that it did “not believe that the admission of the single answer to the question propounded to Dr. Korgaonkar, while perhaps erroneous, was prejudicial,” and thus found the error to be harmless. The Court also noted that the “evidence was more than sufficient to warrant the verdict.” The Court then stated its satisfaction “that there was no accident, mistake or misfortune in any conduct of this trial that requires a new trial in order to prevent a failure of justice,” and denied the motion.
The recently filed Rule 60(b) motion reveals that Dr. Korgaonkar’s testimony concerning the absence of any previously filed medical malpractice suit against him was not true. Dr. Korgaonkar was sued in a malpractice case — Dastur v. The Medical Center of Worcester, et al., Civil Action No. 90-1885-B — entered in the Worcester Superior Court in 1990, just 16 months before suit was filed against him in this case. Further, in the Dastur case Dr. Korgaonkar was represented by Mr. Mosher.
The Dastur case was filed on June 11, 1990. Service was made therein on Dr. Korgaonkar on September 10, 1990. Mr. Mosher’s first appearance for Dr. Korgaonkar occurred on September 12, 1990, with a motion to extend the time to answer. Thereafter, several pleadings were filed by Mr. Mosher on Dr. Korgaonkar’s behalf, including an answer, a set of interrogatories, a motion and a supporting memorandum compelling service of an offer of proof in connection with screening of the case by a medical malpractice tribunal, and a motion to dismiss and for entry of separate judgment, together with a supporting memorandum, after the tribunal determined the case against Dr. Korgaonkar to be insufficient. The Dastur case, as against Dr. Korgaonkar, was dismissed on March 7, 1991.
Mr. Mosher’s time records indicate that he spent 10.90 hours in the representation of Dr. Korgaonkar in the Dastur case. Two younger, associate lawyers and a paralegal assistant supervised by Mr. Mosher charged 7.90 additional hours on the case. On November 20, 1990, Mr. Mosher charged 2.00 hours described in the time sheets as “Attended Meeting with client Dr. Korgaonkar.” Those records also reflect three telephone calls with Dr. Korgaonkar on October 3, 1990; November 7, 1990; and January 10, 1991.
Both Mr. Mosher and Dr. Korgaonkar filed affidavits in opposition to the present motion.[3] In each, they state that they had no memory of the prior representation in the Dastur case until it was brought to their attention recently, and that the challenged question and answer in the trial of this case was not preplanned or intended to present erroneous testimony before the Court and jury.
DISCUSSION
This Court finds itself “in a sense of unease”[4] that its error in ruling on the challenged question may have resulted in a structural flaw in the trial of this very old case. At the time of the hearing on the motion for a new trial in 1997, given the facts then known, the Court had confidence in its determination that the error was harmless. Now, however, with the potential of fraud on the court, or worse, this Court, if it could get beyond the procedural impasse described below, would have to attempt to sort out what it believes to have occurred; what response to that determination is proper; and whether it remains to be of the view that the situation flowing from the Court’s evidentiary ruling was harmless error.
Before reaching the substance, however, an examination of the procedural status and the limitations and powers granted by Rule 60(b) is in order. Desai rests on Rule 60(b)(3) and 60(b)(6). On analysis, this Court finds neither of those sections as providing support for any action by it at this time.
*599 Rule 60(b)(3) permits action by the Court for “fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.” The Rule also provides that “[t]he motion shall be made ... for reason!) . . . (3) not more than one year after the judgment, order or proceeding was entered or taken.” The June 16, 1998 motion was clearly made more than one year after the January 23, 1997 judgment. The Reporter’s Notes — 1973 to Rule 60 (b) (3) state that the time for filing such a motion may never exceed one year after the judgment, order or proceeding in question. Further, Rule 60(b) explicitly prohibits the enlargement of Rule 60(b) time limits. The one year limitation is absolute, Blake v. Avedikian, 422 Mass. 172, 175 (1997). It cannot be extended, Chavoor v. Lewis, 383 Mass. 801, 803 (1981), nor is it tolled on appeal. Gulf Coast B. & S. Co. v. Int. Bro. of Elec. Workers, 460 F.2d 105, 108 (5th Cir. 1972).Thus, the time is up on the Rule 60(b)(3) motion here.
The Reporter’s Notes — 1973 further provide:
Rule 60(b)(3) includes any wrongful act by which a party obtains a judgment under circumstances which would make it inequitable for him to retain its benefit. Fraud covered by Rule 60(b)(3) must be of such a nature as to have prevented the moving party from presenting the merits of his case.
The kind of fraud charged here is not the kind that prevented the plaintiff from presenting the merits of his case, Gifford v. Westwood Lodge Corp., 24 Mass.App.Ct. 920, 922 (1987), unless false testimony on a point not at the heart of the claim falls within the reach of the Rule. This Court does not believe that false testimony on a point not at the heart of the matter is covered by Rule 60(b)(3). See Grant v. Lewis/Boyle, Inc., 408 Mass. 269, 275 (1990). See, also, Blake v. Avedikian, supra, 424 Mass. at 175; Pina v. McGill Dev. Corp., 388 Mass. 159, 165-66 (1983); Artco, Inc. v. DiFruscia, 5 Mass.App.Ct. 513, 518 (1977).
While this Court is offended by the circumstances, it cannot be said that the judicial machinery was unable to perform in the usual manner its impartial task of adjudicating this case. Similarly, while Dr. Korgaonkar’s testimony was false, it cannot be said, on the record and materials presented, that there was perjured testimony which influenced the judgment of this Court. See, e.g., Commonwealth v. Geromini, 357 Mass. 61, 64 (1970). There are, thus, other reasons why Rule 60(b)(3) is inapplicable.
Rule 60(b)(6) is the catch-all portion of the Rule, containing the residual clause giving the Court “ample power to vacate a judgment whenever such action is appropriate to accomplish justice.” Reporter’s Notes— 1973. Those Notes go on, however, to discuss internal qualifications to Rule 60(b)(6), the first of which is stated: “the motion must be based on some other reason than those stated in Rule 60(b)(l)-(5);...” This prevents Rule 60(b)(6) from rescuing a belatedly filed Rule 60(b)(3) motion; at least such a motion based upon the kind of fraud that the Reporter’s Notes state is covered by that Rule. Roberson v. City of Boston, 19 Mass.App.Ct. 595, 597 (1985).
What, then, is this Court to make of the provision in the final sentence of Rule 60(b) providing that the rule “does not limit the power of a court to entertain an independent action ... to set aside a judgment for fraud upon the court”? The Reporter’s Notes include a sentence stating that “[t]he savings clause in Rule 60(b) which allows the court to set aside a judgment for fraud upon the court contains no time limit.” Presumably, the Reporter was not suggesting that Rule 60(b)(3) could be used to deal with fraud on the court and there would be no one-year limitation; or that the catch-all provisions in Rule 60(b)(6) could include fraud upon the court. Rather, it seems a useful, but gratuitous, remark that an independent action predicated upon a charge of fraud on the court may be brought without being barred by Rule 60(b)’s temporal limitations.
The Court began this discussion expressing unease with the situation. The readers of this memorandum are entitled to know the basis and extent of that unease, despite the Court’s determination that none of the parts of Rule 60(b) provides the proper vehicle to remedy the present situation.[5]
“Fraud on the court is a ‘wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot be tolerated consistently with the good order of society.’ ” In the Matter of Neitlich, 413 Mass. 416, 423 (1992).
The Court has no evidence before it that would warrant the devastating conclusion that Mr. Mosher, a respected member of the Worcester trial bar, conspired with his client to knowingly present perjured testimony in this case. His affidavit, and that of the defendant doctor, strongly deny that such a thing occurred; and on the present record this Court accepts those affidavits, to that extent.
The professed utter failure in the memories of two highly intelligent professionals, however, leaves this Court with much more skepticism.
Mr. Mosher handles many medical malpractice cases, and thus his lack of memory of the Dastur case is, for the most part, not surprising. After all, the amount of time spent on it was not great; the actions taken were routine; and the result — dismissal after a finding in Dr. Korgaonkar’s favor by a screening tribunal — all suggest that this was not a momentous event in Mr. Mosher’s professional life. But it is harder to view generously his lapse of memory in light of the two-hour meeting between Mr. Mosher and Dr. Korgaonkar in the Dastur case; and the fact that the doctor’s name — Mohan Korgaonkar — can hardly be considered common in the Worcester medical community. Was there not some recognition by Mr. Mosher on one of his presumably many pretrial meetings with *600 Dr. Korgaonkar in this case? And what of Mr. Mosher’s law firm — does it not perform client conflict checks with each new case that it takes on? Would such a check not be recorded; and, if made, would it not have revealed that Dr. Korgaonkar was a former client just 16 months earlier?
Dr. Korgaonkar’s asserted memory loss is, despite his affidavit, frankly very hard to accept. Here is a physician whose response to the question about whether he had ever been sued previously was not only in the negative, but also included the gloss of not having been sued in his 20 years of practice and the hope that he would never be sued again. This was testimony witnessed by the Court from a physician who throughout much of his time on the witness stand exuded an air of affront that his treatment of Vimal Desai should be challenged in a court. He appeared offended at being a defendant. Is this the kind of person who would fail to remember another such affront just 16 months prior to the Desai suit? Dr. Korgaonkar, unlike Mr. Mosher, is not involved on a daily basis with medical malpractice lawsuits. Can his affidavit really be credited when he says in it that he neither remembered the only other occasion when he was sued, nor remembered that his lawyer on that other case was Mr. Mosher, the same lawyer as here?
And what may be thought of the professed continued failures of memory by both men after they should have been sharpened by the plaintiffs original motion for a new trial and the appellate process that followed?
Skepticism over the points raised above, and the great harm that false testimony does to the search for truth and justice, causes the unease. Nevertheless, the Court has not been presented with either the evidentiary tools or the procedural vehicle to resolve these very disturbing issues.
ORDER
For the reasons set forth above, the plaintiffs Rule 60(b) motion for relief from judgment must be DENIED.

 Although the diagnosis was correctly made, the operation that followed failed to remove the infected appendix. A second, more extensive surgery, was required severed months later, at which time Desai’s appendix was removed, along with part of his small intestine and bowel.

 Dr. Korgaonkar’s counsel has reported to this Court, in a footnote in his memorandum, that the error by the Court in permitting the answer to the question has been conceded on appeal.

 This motion was heard on the papers and the oral arguments of counsel. Neither side sought an evidentiary hearing or to take any discovery in support of or in opposition to the motion.

 See, e.g., Commonwealth v. Woodward, 427 Mass. 659, 691 (1998).

 An independent action, should it be pursued here, could proceed with discovery and an evidentiary hearing that would assist a judge in answering the questions that so far remain in the mists.