van Gestel, J.
This matter comes before the Court on a motion by the defendants Fleet Bank Financial Corporation and Fleet National Bank (collectively “Fleet Bank”) seeking reconsideration of this Court’s February 4, 2002 memorandum and order on cross motions by the plaintiff, Shaanxi Jinshan Electronics Corporation (“Shaanxi”), seeking partial summary judgment on Counts VI, Vil and VIII of the First Amended Complaint against Fleet Bank and Fleet Bank’s motion for summary judgment against Shaanxi on all counts of Shaanxi’s complaint. Fleet Bank’s current request is limited to that part of the Court’s order that denied its motion for summary judgment on Count VI of the First Amended Complaint and granted summary judgment to Shaanxi thereon. Full awareness of the Court’s February 4, 2002 memorandum and order is presumed.
BACKGROUND
■While it is not necessary to fully recount the facts as they appear in the Court’s prior memorandum, a cryptic timeline may assist in the analysis.
*451 Timeline
February 1996: Shaanxi and TCI enter into a contract.
March 5, 1996: TCI obtains a standby letter of credit from Fleet Bank’s predecessor, BayBank.
March 6, 1996: BayBank makes letter of credit operative.
Early October 1996: Shaanxi makes its first presentment on the letter of credit to BayBank.
October 11, 1996: BayBank notifies Shaanxi regarding discrepancies in its first presentment.
October 15, 1996: TCI sues Shaanxi and BayBank in Middlesex Superior Court. TRO issues barring Shaanxi' from making further presentments and BayBank from honoring them.
October 18, 1996: Shaanxi, in China, is unaware of the TRO, and starts process to make second presentment to BayBank.
October 21, 1996: Process served on Shaanxi, by service on Massachusetts Secretary of State.
October 23, 1996: Hearing date on return of order of notice on TRO.
October 24, 1996: Secretary of State writes to Shaanxi, in China, regarding service of process. BayBank receives Shaanxi’s second presentment.
October 28, 1996: Preliminary injunction issues in Middlesex action. BayBank telexes Shaanxi that it cannot honor letter of credit because of injunction.
October 31, 1996: Letter of credit expires according to its terms.
February 26, 1997: Middlesex case is dismissed and preliminary injunction thereby dissolved.
February 28, 2000: Shaanxi contacts BayBank regarding honoring letter of credit.
Neither BayBank nor Shaanxi ever appeared in the Middlesex action brought by TCI, although each was served with process; BayBank directly in Massachusetts, and Shaanxi, in China, through its statutory agent, the Massachusetts Secretary of State.
One of the issues raised by Fleet Bank in its motion to reconsider relates to footnote 4 in this Court’s February 4, 2002 memorandum. In that footnote, the Court assumed that each of BayBank and Shaanxi received actual notice from the Middlesex Clerk’s Office of the dismissal of the TCI suit. Indeed, the docket entry reflecting the entry of judgment of dismissal on February 26, 1997, ends with the words “Copies mailed 2/26/97.” Docket entries by clerks are prima facie evidence of the matters noted therein. Commonwealth v. Fans, 390 Mass. 300, 303-04 (1983).
The issue of notice to parties served in a law suit who have never appeared is of no significance in this case, however. It is up to the parties, or their counsel, to keep the court notified of their addresses for notice purposes. See, e.g., Keenan v. Maybrook, Inc., 40 Mass.App.Ct. 144, 146-47 (1996). What is more significant is who has the burden to keep apprised of the progress of a lawsuit in which it has been served as a party. The answer is, all parties share that burden, and none can avoid the averse consequences for failing to do so. See Mass.R.Civ.P. Rule 77(d); Brown v. Quinn, 406 Mass. 641, 643-44 (1990); B.J.’s Wholesale Club v. City Council of Fitchburg, 52 Mass.App.Ct. 585, 588 (2001); Abbot v. John Hancock Mutual Life Ins. Co., 18 Mass.App.Ct. 508, 513 (1984).
In this case an important question becomes what was the effect of the issuance of the TRO on BayBank and on Shaanxi in October 1996?
While the injunction — be it a temporary restraining order or a preliminary injunction — was in place, Bay-Bank was excused from having to take any action to honor or properly dishonor Shaanxi’s second presentment.
Shaanxi’s position was a bit more complicated. Certainly, once it received notice of the temporary restraining order, Shaanxi should obey it and not make a presentment. See, e.g., Smith and Zobel, Rules Practice, 8A M.P.S., Sec. 65.8. Here, however, Shaanxi started the second presentment process — in China— through its corresponding bank, on October 18, 1996. Neither Shaanxi, nor even its agent by statute in Massachusetts, by then had been served with any process. Rather, on October 21, 1996, Shaanxi’s agent by statute in Massachusetts first was served and three days later on October 24, 1996, the second presentment arrived at BayBank from Shaanxi’s corresponding bank in China. This Court concludes, therefore, that the second presentment was not void upon its arrival at BayBank. At most it was voidable, but even that seems doubtful under these facts. In any event, no effort was made by BayBank or TCI to have the second presentment declared void.
As of October 24, 1996, BayBank had no obligation to do anything with Shaanxi’s second presentment.
On October 25, 1996, the Middlesex temporary restraining order expired by its own terms, its ten-day life having ended without any extension being granted. See Mass.R.Civ.P. Rule 65(a). On the following Monday, however, BayBank and Shaanxi were once again prevented from acting on the second presentment by a preliminary injunction that entered on October 28, 1996.[1]
The scene next shifts to February 26, 1997, when the preliminary injunction in the Middlesex action dissolved with the case being dismissed.[2] Who, then, as between BayBank and Shaanxi, had a duty to act with regard to the letter of credit? There is no case law in Massachusetts that provides a solution to this riddle. Three federal cases, however, point in a direction that makes sense from a point of view that takes into account the significance to the commercial community of letters of credit and the law that surrounds *452 them in Article 5 of the Uniform Commercial Code, G.L.c. 106, secs. 5-101 through 5-117.
The first in time of the federal cases, and the case whose facts are closest to those before the Court here, is Kelley v. First Westroads Bank, 840 F.2d 554 (8th Cir. 1988), cited by this Court in its original memorandum. In essence, Kelley concludes that the issuance of a temporary restraining order does no more than hold matters in status quo, effectively freezing things where they stand when the order is served. Id. at 558-59. See also Thayer Co. v. Binnall, 326 Mass. 467, 479 (1950). “The imposition of the temporary restraining orders merely suspended the Issuing Banks’ obligation to honor or dishonor the drafts during the pendency of the legal restraint.” Kelley, at 558.
When the temporary restraining orders expired, the Issuing Banks were under an obligation to process the letters of credit: they had the option, of course, to honor the drafts or to reject them if they determined them to be nonconforming. Failure to honor or properly dishonor the drafts during the pertinent period constituted a wrongful dishonor.
Id. at 558-59.
The other two federal cases that rule in a manner consistent with, and cite to, Kelley, are Heritage Bank v. Redcom Laboratories, Inc., 250 F.3d 319, 327-28 (5th Cir. 2001), and Engel Industries, Inc. v. First American Bank, N.A., 798 F.Sup. 9, 14-15 (D.D.C. 1992).
Relying on Kelley, Heritage Bank surd Engel Industries, this Court determines that, after the bar of the temporary restraining order or the later preliminary injunction was lifted, BayBank, without further presentment or action by Shaanxi, had the obligation to honor, or properly dishonor with explanation, the letter of credit in issue. Having failed to do so, Shaanxi’s request and law suit, all filed within the then applicable statute of limitations, was appropriate and must be honored.
ORDER
For the foregoing reasons, the defendants’ motion to reconsider is DENIED and an appropriate judgment is ordered entered.

 Although neither BayBank nor Shaanxi were served with the preliminary injunction on October 28, 1996, as parties to the case who were earlier duly served with process, they may well be deemed to know about its issuance. Otherwise, it could be argued that BayBank’s duty to respond to the second presentment restarted on October 25, 1996, and expired on October 31, 1996, the date of termination of the letter of credit.

 The Middlesex docket reveals that the dismissal was pursuant to St. 1996, c. 358, sec. 5, there being no evidence that any recovery by the plaintiff would exceed $25,000.00.