McCormick, J.
The defendant in this matter, Vincent Anza (“Mr. Anza”), filed this appeal pursuant to Dist./Mun. Cts. R.A.D.A., Rule 8C. Mr. Anza asserts that the trial judge committed reversible error by denying his motion to remove the default judgment that had been entered against him and in favor of the plaintiff, Automotive Specialties, Inc. (“Automotive Specialties”). Mr. Anza made the motion to remove the default pursuant to Mass. R. Civ. P., Rule 60(b) (1).
Automotive Specialties originally brought this action against Mr. Anza to recover the cost of some repair work performed on Mr. Anza’s 2001 Volkswagen Passat, which had been damaged in a collision.[1] The original estimate of the cost of repairs provided to Mr. Anza by Automotive Specialties was $2,139.29. Mr. Anza, or a person authorized by Mr. Anza, signed an Authorization to Repair Form that authorized Automotive Specialties “to act as [Mr. Anza’s] agent for the purpose of negotiating on [Mr. Anza’s] behalf with the insurer for the cost of the repairs, including damage not listed or visible at the time the initial insurance appraisal was done.”
As Automotive Specialties proceeded with the repairs set forth in the original estimate, it discovered that additional repairs were needed. The total cost of the additional repairs was $9,704.41. Kemper Auto and Home Group (“Kemper”), Mr. Anza’s insurance carrier, authorized the additional repairs. Neither Automotive Specialties nor Kemper informed Mr. Anza of the additional work or the increase in cost that it would entail.
Because Kemper is a Connecticut insurance company, it did not pay Automotive Specialties directly for the repairs. Rather, it sent the payment for the repair costs to Mr. Anza, the insured. The invoice from Automotive Specialties indicates that the total amount was $11,604.48. When Mr. Anza failed to pay the money to Automotive Specialties, it filed this action to recover the cost of the repairs.
The complaint, which is dated June 21, 2006, was filed in the West Roxbury Division of the Boston Municipal Court on June 27, 2006. The complaint alleged breach of contract (Count I), fraud (Count II) and unjust enrichment (Count III). According to the affidavit of Dorita Anza, Mr. Anza’s wife (“Ms. Anza”), she received *200 the summons and complaint on or about July 5,2006.[2] Ms. Anza spoke with an attorney, Christopher Cava, about the case. Ms. Anza sent Mr. Cava a copy of the summons and complaint and requested that Mr. Cava speak with a representative for Automotive Specialties and make a settlement offer.
Mr. Cava then spoke with counsel for Automotive Specialties, E. Pamela Salpoglou, on or about July 19, 2006. After informing Ms. Salpoglou that Mr. Anza had not retained him as his attorney, Mr. Cava made a settlement offer that Ms. Salpoglou rejected. According to Ms. Anza’s affidavit, when Mr. Cava informed her that the settlement offer had been rejected, Mr. Cava agreed to Ms. Anza’s request to respond to the complaint.
Ms. Anza’s subsequent telephone calls to Mr. Cava’s office were not returned. Ms. Salpoglou next spoke with Mr. Cava after the expiration of the time period for responding to the complaint,[3] and Mr. Cava again told Ms. Salpoglou that Mr. Anza had not retained him.
On July 26, 2006, Automotive Specialties filed a request for entry of default, a motion for default judgment and a motion for assessment of damages pursuant to Mass. R. Civ. R, Rule 55. The president of Automotive Specialties filed an affidavit in support of the motion. A hearing on the matter was scheduled for August 9,2006.
Ms. Anza received notice of the entry of default, the motion for default judgment and the scheduled hearing on or about July 27,2006. Ms. Anza then spoke with Mr. Cava, who informed Ms. Anza that he would speak with counsel for Automotive Specialties to try and have the default removed. Mr. Cava spoke with Ms. Anza the following week, informing her that counsel for Automotive Specialties would not agree to remove the default and that the hearing was going forward on the scheduled date of August 9,2006.
According to Ms. Anza’s affidavit, she spoke with Mr. Cava on August 8, 2006, which was the day before the hearing on the motion for default judgment. On that day, Mr. Cava informed Ms. Anza “for the first time that he was too busy with other cases and that he was going to be out of town a few weeks.” Mr. Cava gave Ms. Anza the name of another attorney, Mr. Steven Bander. Ms. Anza contacted Mr. Bander on that day, and Mr. Bander agreed to represent her in the matter. Mr. Bander informed Ms. Salpoglou of this fact.
After the hearing on August 9, 2006, the trial judge denied Mr. Anza’s motion to remove the default, allowed the motion for default judgment and ordered the sale of the Passat. On August 22, 2006, Mr. Bander withdrew as counsel to Mr. Anza, and Neil Cohen filed a notice of entry of appearance on Mr. Anza’s behalf. Pursuant to Mass. R. Civ. R, Rule 60(b) (1), Mr. Cohen filed a motion to set aside the default judgment, to vacate the order of sale and to reconsider the denial of the motion to vacate the default.
The trial judge held a hearing on the motion on September 6, 2006 and subsequently denied the motion. The trial judge made the following notation on Mr. *201 Anza’s motion: “Pursuant to Berube v. McKesson Wine & Spirits Co., the defendant has failed to demonstrate a meritorious defense in this case where the defendant was paid in full for repairs performed by the plaintiff and the repairs were authorized by the ins. carrier.” Mr. Anza then filed this appeal.
Under Mass. R. Civ. R, Rule 60(b) (1), “the court may relieve a party or his legal representative from a final judgment, order, or proceeding for ... (1) mistake, inadvertence, surprise or excusable neglect....” A ruling on a motion under Mass. R. Civ. R, Rule 60(b) is within the discretion of the judge. Bird v. Ross, 393 Mass. 789, 791 (1985). The denial of a motion under Mass. R. Civ. R, Rule 60(b) will be reversed on appeal “only on a clear showing of an abuse of discretion.” Wang v. Niakaros, 67 Mass. App. Ct. 166, 169 (2006). A judge has committed an abuse of discretion when the exercise of that discretion “has been characterized by arbitrary determination, capricious disposition, whimsical thinking, or idiosyncratic choice.” Greenleaf v. Massachusetts Bay Transp. Auth., 22 Mass. App. Ct. 426, 429 (1986). Thus, our review of the judge’s denial of the motion to vacate the default judgment necessarily begins with clear deference to her exercise of discretion under Mass. R. Civ. R, Rule 60(b). See Lewandowski v. Borghi, 1989 Mass. App. Div. 80, 81-82.
Applying that standard here, we cannot say that the trial judge abused her discretion in denying the motion to remove the default. Automotive Specialties was contractually authorized to negotiate directly with Kemper on Mr. Anza’s behalf “for the cost of the repairs, including damage not listed or visible at the time the initial insurance appraisal was done.” Automotive Specialties complied with its contractual obligations, and Kemper approved all of the repairs and paid for them. That the money came into Mr. Anza’s possession pursuant to Connecticut insurance law does not justify his refusal to pay the money to Automotive Specialties.
The trial judge denied the motion based on Mr. Anza’s failure to demonstrate a meritorious defense under Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426 (1979). Among the factors to be considered on whether relief should be granted on motions brought under Mass R. Civ. R, Rule 60 (b) (1) is “whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit.” Id. at 430. The moving party need not demonstrate certainty of success but only that the defense “rais[es] a material question of law meriting discussion and decision, or a real controversy as to essential facts arising from conflicting or doubtful evidence." Id. at 433.
Mr. Anza alleges that Automotive Specialties violated G.L.C. 93A and 940 C.M.R. §5.05 because Mr. Anza never authorized the supplemental repairs. The Authorization to Repair Form, however, authorized Automotive Specialties to deal directly with Kemper, and nothing in Section 5 of the Code of Massachusetts Regulations prevents Automotive Specialties from doing so. In addition, Mr. Anza has not cited to any legal authority that would entitle him to keep the insurance money sent to him by Kemper as payment for the repairs to the Passat performed by Automotive Specialties. The trial judge acted well within her discretion in concluding that Mr. Anza failed to raise any real controversy as to the essential facts of this matter.
It appears from the record that Mr. Anza and Ms. Anza mistakenly believed that Mr. Cava was handling this matter, which included filing the answer in a timely manner. Another one of the factors to be considered on a motion to relieve *202 a party from final judgment under Mass. R. Civ. R, Rule 60(b) (1) is whether the error in the handling of the matter is the responsibility of the attorney or the client. Berube v. McKesson Wine & Spirits Co., supra at 431. Even assuming that the breakdown in communication between Mr. Cava and Ms. Anza regarding the filing of the answer is chargeable to Mr. Cava, that misstep had no effect on Mr. Anza’s failure to present a meritorious defense when he was represented by counsel in the hearing before the trial judge. Placing the responsibility on Mr. Cava for the mishandling of this matter does not change the undisputed facts upon which the trial judge based her denial of the motion to remove the default. Automotive Specialties repaired the Passat on Kemper’s authorization but has not received payment for that work because Mr. Anza retained the payment when Kemper sent it to him. There was no abuse of discretion in denying the motion remove the default.
Accordingly, we affirm the denial of Mr. Anza’s motion to remove the default and dismiss Mr. Anza’s appeal.

 According to Mr. Anza’s affidavit, the Passat was his daughter’s car and his wife was the actual owner of it.

 As the owner of the vehicle, Ms. Anza handled the matter upon receipt of the summons and complaint on July 5, 2006.

 Under Mass. R. Civ. R, Rule 12(a) (1), a party has 20 days from the date of service to file a response to a pleading that requires a response.