MICHAEL DANA KENNEDY *vs.* BETH ISRAEL DEACONESS
MEDICAL CENTER, INC., & others.[1]

No. 06-P-1918.

Suffolk. May 13, 2008. - January 7, 2009.

Present: CYPHER, BROWN, & FECTEAU, JJ.

*Judgment,* Relief from judgment. *Practice, Civil,* Relief from judgment, Vacation of judgment, Service of process.

A trial court judge erred in concluding that a motion to vacate a judgment of dismissal, brought by the plaintiff in a civil action thirteen months after entry of judgment, presented an extraordinary circumstance justifying relief under Mass.R.Civ.P. 60(b)(6), where the motion fell properly either within the purview of Mass.R.Civ.P. 60(b)(1) (based on plaintiff's counsel's actions over an extended period, which consistently showed his lack of diligence in making timely service of process) [464-465] or within the purview of 60(b)(3) (assuming as true counsel's contention that he was misled by the defendant's agent regarding an agreement to accept service) [465-467], and was therefore filed beyond the strict one-year deadline imposed by those rules; further, even assuming that the motion properly fell within the provisions of rule 60(b)(6), the judge erred in concluding that it was brought within a reasonable time, where the plaintiff's counsel's written submissions and affidavit expressed no reasons whatsoever for the thirteen-month delay [467-469]. BROWN, J., dissenting.

CIVIL ACTION commenced in the Superior Court Department on July 16, 2004.

A motion to vacate a judgment of dismissal was considered by *Christopher J. Muse,* J., and a motion for reconsideration was also heard by him.

A proceeding for interlocutory review was heard in the Appeals Court by *Berry,* J.

*Stephen M. O'Shea* (*Marcia K. Divoll* with him) for the defendants.

*H. Paul Carroll* for the plaintiff.

[1]Abraham Morgentaler and Howard Libman.

FECTEAU, J. The defendants appeal from a Superior Court judge's denial of their motion for reconsideration of the order allowing the plaintiff's motion to vacate the judgment of dismissal of his complaint. Mass.R.Civ.P. 4(j), as appearing in 402 Mass. 1401 (1988). The judge granted the plaintiff's motion to vacate the judgment pursuant to Mass.R.Civ.P. 60(b)(6), 365 Mass. 829 (1974), and the defendants contend that the judge erred when he did not apply Mass.R.Civ.P. 60(b)(1)-(b)(3), 365 Mass. 828 (1974), and the one-year time limit imposed thereby, to the facts of this case. Moreover, the defendants claim that even if the judge properly applied rule 60(b)(6), his ruling was error because he determined that the plaintiff filed the motion to vacate judgment within a reasonable time. As we agree with the defendants' contentions, we reverse.

*Procedural background.* On July 16, 2004, the plaintiff, Michael Dana Kennedy, commenced a medical malpractice action against the defendants, Beth Israel Deaconess Medical Center, Inc. (hospital), Dr. Abraham Morgentaler, and Dr. Howard Libman, alleging failure on their part to diagnose cystic fibrosis during their care and treatment of him up to and including December 3, 2001.

The plaintiff's lawyer (plaintiff's counsel or counsel) failed to serve the summons and complaint on the defendants by the service deadline of October 14, 2004, and filed five days late, on October 19, the first of his six "emergency" ex parte motions to enlarge the time for service of his summons and complaint. Counsel explained that he failed to serve the complaint on the defendants within the allowable ninety days because he recently had engaged an expert to review with him the complexity of the case so that he could amend the skeletal filing he had made and that he had miscalendared the service deadline date. This motion, like the plaintiff's counsel's next five motions, was allowed, and the judge granted an extension to November 19, 2004.

On November 19, the plaintiff's counsel filed his second motion to enlarge the time for service. He explained that, in addition to the previously-described expert advice he was seeking in drafting a more detailed complaint, he was the victim of an assault on November 3, 2004, and unable to practice for two weeks (a reason that was not mentioned in any subsequent motion). The judge extended the deadline to December 19, 2004.

On December 22, 2004, now not only beyond the latest deadline but also beyond the three-year statute of limitations, the plaintiff's counsel filed his third request to extend the service deadline. In this request, in addition to again stating his need to consult with experts in order to draft a more comprehensive complaint that he had yet to file, he said that on December 16 or 17, 2004, he asked Michael Listwan, the coordinator of the hospital's risk management department (coordinator), to accept service for all the defendants; allegedly the coordinator told him that such an agreement might be "likely." The judge allowed a new service deadline of January 14, 2005.

The plaintiff's counsel again waited until the exact deadline on which to file his fourth motion to extend; the reason he gave on this occasion was that a sheriff told him, in an undated conversation, that service could not be guaranteed by the deadline. The issue of the defendants' acceptance of service was not mentioned. In any event, he requested and the judge granted an extension to January 31, 2005.

Then, once again waiting until that deadline to file the fifth motion, plaintiff's counsel sought an extension to February 15, 2005; this time he stated that, on account of "recent inclement weather, service on the defendants has not been completed yet" and that he had "contacted a process server who has confirmed that process can be made 'in a timely manner.' " He provided no details about the alleged "recent inclement weather" that had prevented service for two weeks nor how that would have prevented service. He also did not refer to any agreement to accept service nor why, if an agreement to accept service had been made, he did not accomplish service in that manner or had the need for any professional process server. Also absent from the motion was any mention of his perceived need for earlier postponements due to his efforts to prepare a more comprehensive complaint, nor was there any explanation why an amended complaint still had not been filed, if indeed earlier delays in service had been occasioned by such efforts.

On February 22, 2005, plaintiff's counsel filed the sixth and final motion to extend, again untimely, simply stating as reason therefor that he "has not been able to complete service within the time frame allowed . . . [and that] allowing a small additional

enlargement of time for service will not prejudice the parties and will result in judicial economy by having a comprehensive [a]mended [c]omplaint that more fully sets out the complicated medical issues . . . ." The judge granted a new deadline of March 5, 2005, within which to serve the defendants. The plaintiff's counsel failed to meet that deadline and did not seek any further extensions or other forms of relief. The court dismissed the case on May 23, 2005, pursuant to Mass.R.Civ.P. 4(j). On May 31, 2005, a judgment of dismissal was entered in favor of all the defendants.

Nearly thirteen months later, on June 28, 2006, the plaintiff's counsel filed (in hand) an ex parte motion to vacate the judgment of dismissal, which was allowed that same day. In support of his motion, the plaintiff's counsel filed an affidavit offering an explanation only of the last efforts at service of process on March 4, 2005.[2] However, neither the motion nor the affidavit offered any explanation as to the reasons for the thirteen-month delay from the date of the entry of the judgment of dismissal to the filing of the motion for relief from that judgment. Also on June 28, 2006, the Superior Court judge granted counsel an additional twenty days (running from June 28, 2006) to serve the defendants. Plaintiff's counsel served an amended complaint upon the defendants on July 18, 2006.

Following service of process, the defendants filed a motion for reconsideration of the order granting relief from judgment of dismissal that, in addition to making a challenge to the merits of the order under rule 60(b), was their first opportunity under rule 4(j) to challenge the sufficiency of counsel's reasons for the several extensions of service. In support of his opposition to

---

[2]In his affidavit, plaintiff's counsel stated that the coordinator had agreed to accept service on behalf of all the defendants, but when the deputy sheriff had attempted delivery on March 4, 2005, to two addresses, the hospital refused service, and hospital security escorted the deputy off the premises. The plaintiff's counsel also stated that it appeared that service was refused because the complaint incorrectly identified the hospital as Beth Israel Hospital Deaconess Medical Center, Inc., instead of Beth Israel Deaconess Medical Center, Inc.

His affidavit did not explain that he had earlier learned on March 2, 2005, in response to his letter asking for confirmation of the "agreement" that the person with whom he alleged he made the agreement had left the hospital in December, 2004, and that the hospital would not accept service, finding no evidence of an agreement. Nor did he mention that the sheriff's returns showing no service did not give misnomer as a reason for refusal.

this motion, the plaintiff's counsel filed his own affidavit where he again stated that the coordinator had agreed to accept service on behalf of all the defendants, that the coordinator subsequently took a leave of absence, and that the hospital refused the deputy sheriff's attempt to make service, presumably due to a misnomer of the hospital's name. After a hearing on the defendants' motion for reconsideration (no hearing transcript exists), the judge denied the defendants' motion.

The motion judge, confining his examination to counsel's final efforts to effectuate service, found that the parties had an agreement to accept service and that plaintiff's counsel attempted to serve the defendants on March 4, 2005 (one day before the sixth deadline), but that the hospital breached the agreement when hospital security personnel escorted the deputy sheriff off the premises due to a de minimis misnomer of a party name.[3] The judge ruled: "There is a substantial reason to warrant relief from dismissal since to allow the defendants to dismiss this complaint based on their own failure to accept service would be a substantial injustice." The judge determined that no "particular" prejudice had accrued to the defendants.[4] The judge also observed that the hospital's risk management attendant had notice of plaintiff's counsel's claims and the motion had been brought only thirty days after the time that the plaintiff would have been allowed under rule 60(b)(1)-(b)(3). A single justice of this court granted leave to the defendants to file an interlocutory appeal from the order denying the defendants' motion for reconsideration.

*Discussion.* The issue on appeal is whether the judge made an error of law in considering the plaintiff's counsel's motion to

[3]The record before us reveals no evidence or suggestion that the plaintiff actually attempted service of process before March 4, 2005.

[4]Although the plaintiff argued that proper service was made on March 4, 2005, the judge stated that he did not need to reach that issue. The judge, however, noted that it appeared service was appropriate, citing *Duff* v. *Zonis*, 327 Mass. 347, 351 (1951), for the proposition that "[t]ender of service with a *de minimis* misnomer does not affect acceptance of service."

In *Duff*, a motor vehicle tort case, the defendant's name, in a writ, was flawed (i.e., it named a nonexistent corporation); however, the name matched a name appearing on the vehicle's registration, which was actually the business name for the partners who owned the vehicle in question. *Id.* at 350-351. Justice Qua, writing for the court, ruled that the writ, though technically deficient, "was not a nullity." *Id.* at 351.

vacate under rule 60(b)(6) instead of rule 60(b)(1) or (b)(3) and whether, under 60(b)(6), the plaintiff's counsel moved for relief from judgment within a reasonable time. While we think the judge's decision reflects a concern over a perception that the coordinator, as the defendants' agent, mistreated the plaintiff's counsel in his last-minute attempt to effect service, we are not convinced that the judge applied the correct legal standard, requiring an assessment and finding of good cause for plaintiff's counsel's serial, untimely, and uneffected service of the underlying complaint, given the history of reported reasons for the failure to effectuate service unaddressed by the judge who granted relief. See Mass.R.Civ.P. 4(j). We are likewise not satisfied that the judge appropriately concluded that counsel's motion presented extraordinary circumstances that "did not fit neatly or completely within rule 60(b)(1) or (3), and justified relief under rule 60(b)(6)." *Owens* v. *Mukendi*, 448 Mass. 66, 74 (2006). Whichever section of the rule applies, it does not appear that the plaintiff moved for relief within a reasonable time.

*Rule 60(b)(1)*. The facts of this case as a whole fall within the purview of rule 60(b)(1) because the plaintiff's counsel's actions consistently showed his lack of diligence in making timely service. The judge, therefore, erred when he considered only counsel's final attempt at service.[5] Rule 60(b)(1) allows a judge to grant relief from a judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect." For reasons (1)-(3), the motion must be made within one year following the entry of judgment. "This one-year time limit cannot be extended." *Chavoor* v. *Lewis*, 383 Mass. 801, 803 (1981).[6]

Rule 4(j) requires the plaintiff to serve a copy of the complaint and summons upon each of the defendants within ninety days after filing the complaint. The rule further states that if the plaintiff does not show good cause why service was not made within that time, the action must be dismissed. "[G]ood cause is 'a stringent standard requiring diligent' albeit unsuccessful

---

[5]The facts raise more questions than answers concerning his representation to the court regarding an agreement for acceptance of service. See note 10, *infra*.

[6]*Gath* v. *M/A-Com, Inc.*, 440 Mass. 482, 497 (2003), repeats a technical error found in *Bushnell* v. *Bushnell*, 393 Mass. 462, 474 n. 25 (1984) ("[m]otions made under rule 60[b][1]-[5] . . .").

effort to complete service within the period prescribed by the rule." *Commissioner of Rev.* v. *Carrigan*, 45 Mass. App. Ct. 309, 311 (1998), quoting from *Shuman* v. *Stanley Works*, 30 Mass. App. Ct. 951, 953 (1991). The plaintiff's counsel failed to provide "good cause" why he never served the defendants in a timely fashion.[7]

Here, counsel's actions were neither diligent nor reasonable. The plaintiff's counsel brought six motions to enlarge the time for service; several of these were themselves untimely.[8] Moreover, the fact that the docket reflects that the plaintiff's counsel never filed the amended complaint until July 21, 2006, makes the reason for his first two requests — that he needed to meet with an expert to file a more detailed complaint — irrelevant and leads us to an inference that this reason was a pretext.[9] The plaintiff's counsel never provided any explanation of his efforts to serve the complaint and summons with the exception of the attempt on March 4, 2005, which betrays the motion's fitness for consideration under rule 60(b)(1) or (b)(3). See *McIsaac* v. *Cedergren*, 54 Mass. App. Ct. 607, 609 (2002) (attorney's failure to take action on case under rule 60[b][1] constituted "egregious inattention" rather than excusable neglect).

*Rule 60(b)(3).* Even if we accepted the plaintiff's counsel's contention that he was misled or mistreated by the defendants' agent regarding an agreement to accept service, such a contention also would fit into rule 60(b)(3).[10] The rule applies when there

[7]On this record, we agree with the defendants that the final two requests for extended service did not present causes that any conscientious judge would have considered "good."

[8]The plaintiff's counsel did not request an extension after his final, failed attempt of service when the sheriff tried to effect service, nor did counsel attempt to show, on a timely basis, why service was, or should be, deemed successful. Also, a motion to enlarge time must be considered untimely if it is not filed within the original time set for the act itself. See Mass.R.Civ.P. 6(b), 365 Mass. 747 (1974).

[9]Moreover, filing an amended complaint prior to service on the defendants is a step that is unnecessary under the rules as the plaintiff is allowed to do so as of right at any time prior to the filing of an answer. Mass.R.Civ.P. 15(a), 365 Mass. 761 (1974). Furthermore, the plaintiff's counsel fails to explain the necessity of filing such a complaint in the absence of a motion to dismiss or a motion for more definite statement, neither of which could be filed prior to service of process.

[10]In spite of counsel's representations of an agreement to accept service on

is "misrepresentation or other misconduct of an adverse party." Plaintiff's counsel contends that the coordinator led him to believe that there was an agreement for the coordinator to accept service on behalf of all the defendants. It was this alleged misrepresentation that led the plaintiff's counsel to miss the service of process deadline for the seventh time.

The facts of this case are similar in significant respects to *Tibbitts* v. *Wisniewski*, 27 Mass. App. Ct. 729 (1989), in which the court concluded that the judge did not have the discretion to vacate a judgment that had entered because the plaintiff failed to timely answer discovery and filed an untimely motion for relief. In *Tibbitts*, the plaintiff moved to vacate the judgment pursuant to Mass.R.Civ.P. 60(b)(6) twenty months after a default judgment entered in the defendant's favor. The plaintiff mistakenly thought that since his complaint alleged medical malpractice he could wait until after the medical malpractice tribunal ruling to produce any requested documents; his silence and inaction resulted in a default judgment for the defendants. Thereafter, the plaintiff waited twenty months to file a motion to vacate the judgment, citing an alleged agreement between the defendant's counsel and himself to vacate the judgment.

The court firmly placed the facts of the case within rule 60(b)(1) and (b)(3). The *Tibbitts* court stated, "A motion under rule 60(b)(1) or (3), however, must be made within one year and rule 60(b)(6), 'any other reason justifying relief,' cannot be

---

the part of the coordinator, his subsequent actions make such an agreement seem unlikely; instead, they show a pattern of neglect that was the primary reason for the entry of judgment. The plaintiff's counsel claims that the coordinator engaged in misconduct when he failed to honor an alleged agreement to accept service and allegedly refused service due to a misnomer. Assuming plaintiff's counsel and the coordinator made an agreement in December regarding acceptance of service, plaintiff's counsel failed to follow up on this agreement in a timely manner; he did not obtain the coordinator's written acceptance of service, and he waited until March 2, 2005, in the waning moments of his last extension of time, to write a letter seeking confirmation of his alleged agreement that he had made more than two months prior. See *Tibbitts* v. *Wisniewski*, 27 Mass. App. Ct. 729, 731-732 (1989). If there was such an agreement, he needed only to mail the summons and complaint; instead, he continued to utilize the sheriff, which would be unnecessary if there was such an agreement. Such steps persuade this court that counsel's continued inattention to the service of process was endemic to the entire period, from the date of filing of the complaint until the date the complaint was dismissed.

used to extend the one-year limitation. More than a year had gone by. One may not, however, move to vacate judgment for a (b)(1) or (b)(3) reason by moving under (b)(6)." *Tibbitts, supra* at 731.

In the present case, as in *Tibbitts*, the plaintiff's counsel's reasons in support of vacating the judgment all fit the mold of rule 60(b)(1) and (b)(3): the plaintiff's counsel continuously extended the service of process deadline and finally missed the deadline without filing for a seventh extension, rule 60(b)(1); the coordinator allegedly misled plaintiff's counsel into thinking that he would accept service for all the defendants, rule 60(b)(3). "[T]he time limits on a (b)(1) or (b)(3) motion may not be extended by the expedient of bringing it under (b)(6)." *Tibbitts, supra* at 733-734. Therefore, even evaluating the facts in the light most favorable to the plaintiff, this situation squarely falls within rule 60(b)(1) or (b)(3) because the plaintiff's counsel alleges that the coordinator misled him. Whether we consider this case pursuant to rule 60(b)(1) or (b)(3), the judge erred in granting the plaintiff's motion to vacate the judgment of dismissal because the motion was filed beyond the strict one-year deadline.

*Reasonable time under rule 60(b)(6).* Even if we were to consider the plaintiff's counsel's arguments that rule 60(b)(6) applied to the case at bar, the judge erred when he concluded that the plaintiff's counsel filed the motion to vacate the judgment within a "reasonable time." While rule 60(b)(6) does not have an outside limit of one year, it must be filed within "a reasonable time," which may be more or less than the one-year limit established for motions filed under rule 60(b)(1)-(b)(3). See *Cotto* v. *United States*, 993 F.2d 274, 280 (1st Cir. 1993). "What constitutes reasonable time must of necessity depend upon the facts in each individual case." 11 Wright, Miller, & Kane, Federal Practice and Procedure § 2866, at 382 (2d ed. 1995), quoting from *In re Cremidas' Estate*, 14 F.R.D. 15, 18 (D. Alaska 1953). See *Paternity of Cheryl*, 434 Mass. 23, 30 (2001). "In determining whether a motion was filed within a reasonable time, a judge may consider the reasons for delay; the ability of the movant to learn of the grounds earlier; prejudice to the parties, if any; and the important interest of finality. See, e.g., *Ingram* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 371 F.3d 950, 952 (7th Cir. 2004)." *Owens* v. *Mukendi*, 448 Mass. at 74-75.

Here, counsel's written submissions and affidavit submitted pursuant to rule 60(b)(6) expressed no reasons whatsoever for the thirteen-month delay, nor could any be reasonably inferred; moreover, he does not claim that he was not promptly informed of the grounds for dismissal. See *Gath* v. *M/A-Com, Inc.*, 440 Mass. 482, 497 (2003); *Clamp-All Corp.* v. *Foresta*, 53 Mass. App. Ct. 795, 806 (2002). Rule 4(j) was meant to be strictly construed. *Commissioner of Rev.* v. *Carrigan, supra* at 312. "The focus of the court's inquiry as to good cause is the reasonableness and diligence of counsel's effort to effect service within the time required. . . . The only example of good cause . . . is the obvious one of a defendant's evasion of service. . . . The rule's entire focus was to force plaintiffs' (more realistically their lawyers') diligence in order to preserve causes of action against limitations problems." *Ibid.* (citations omitted). We cannot minimize the prejudice following from the passage of time in this case. Here, the limitations period expired December 3, 2004. The plaintiff's counsel finally served the defendants on July 18, 2006, some eighteen months after the statute of limitations time-barred the matter and five and one-half years after the plaintiff's treatment with the defendants ceased. The matter is stale, witnesses may be unavailable, memories faded and evidence may be lost, all of the policy reasons for the statute of limitations. See G. L. c. 260, § 2A. See also *Buker* v. *National Mgmt. Corp.*, 16 Mass. App. Ct. 36, 41 (1983).

"Limiting the duration of liability is a well recognized public purpose." *Klein* v. *Catalano*, 386 Mass. 701, 709 (1982). See *Harlfinger* v. *Martin*, 435 Mass. 38, 43 n.8 (2001) (discussing statute of repose and statute of limitations). We are required to balance the plaintiff's interests against the defendants' interests in finality. See *Harlfinger, supra.* The passage of time is prejudicial. The dismissal of this case for untimely service was consistent with the interests of finality, an interest that is improperly ignored or lost if a party is permitted to reactivate a lawsuit for inadequate cause. See *Shuman* v. *Stanley Works*, 30 Mass. App. Ct. at 954 n.3 (dismissal appropriate where statute of limitations on plaintiff's action against defendant had passed).[11]

Because the plaintiff's counsel brought this rule 60(b)(6)

---

[11]The *Shuman* court also reasoned that the underlying policy of rule 4(j) is

motion inexplicably more than one year after the judgment entered and given the underlying circumstances detailed in the judge's findings, we think that the judge abused his discretion by concluding that the motion was brought within a reasonable time.

The order denying the defendants' motion for reconsideration of the order allowing relief from judgment is reversed. The order granting relief from judgment and vacating the judgment of dismissal is reversed. Judgment shall enter dismissing the complaint.

*So ordered.*

BROWN, J. (dissenting). The defendants' central argument is that the judge erred in concluding that the plaintiff's motion to vacate under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), properly fell under rule 60(b)(6), rather than rule 60(b)(1) or (b)(3), and that the judge abused his discretion in concluding that the plaintiff's motion was filed within a reasonable time under rule 60(b)(6).[1] I agree with the motion judge that "[t]here is a substantial reason to warrant relief from dismissal since to allow the defendants to dismiss this complaint based on their own failure to accept service would be a substantial injustice." The judge also correctly determined that no "particular" prejudice had accrued to the defendants.

"Resolution of a rule 60(b) motion rests in the discretion of the trial judge, and [an appellate court] 'will show marked deference to the lower court's resolution of such a motion.' " *Cullen Enterprises, Inc.* v. *Massachusetts Property Ins. Underwriting Assn.*, 399 Mass. 886, 894 (1987), quoting from *Chu-Kun Woon* v. *Moy*, 17 Mass. App. Ct. 949, 949 (1983). I think

"to encourage prompt movement of civil actions in [the] courts"; this reasoning played a larger role in their conclusion than any prejudicial delay to the adverse party. *Shuman* v. *Stanley Works*, 30 Mass. App. Ct. at 954 n.3.

[1]The defendants also argue that the judge failed to apply the correct legal standard because he did not assess or find good cause for the plaintiff's untimely service of the underlying complaint. See Mass.R.Civ.P. 4(j), as appearing in 402 Mass. 1401 (1988). This argument must be rejected for the reason, if no other, that such an assessment and finding is implicit in the judge's findings and conclusions.

the judge's decision reflects a careful and thoughtful review of the facts and circumstances,[2] and I am satisfied that the judge did not abuse his discretion in concluding that the plaintiff's motion presented extraordinary circumstances that "did not fit neatly or completely within rule 60(b)(1) or (3), and justified relief under rule 60(b)(6)." *Owens* v. *Mukendi*, 448 Mass. 66, 74 (2006). In so ruling the judge found that the parties had an agreement to accept service and found that the plaintiff attempted to serve the defendants on March 4, 2005 (one day before the deadline), but that the agreement was breached when hospital security personnel escorted the deputy sheriff off the premises due to a de minimis misnomer of a party name.[3]

The instant circumstances do not fit neatly or completely into rule 60(b)(1) because it was plaintiff's counsel's belief in the representations of the hospital's risk management coordinator, rather than mistake, inadvertence, surprise, or excusable neglect, that was the primary reason for the entry of judgment. Compare *id.* at 73. Similarly, the circumstances do not fit into rule 60(b)(3) because there is no indication that the coordinator's representation that service would be accepted constituted fraud, misrepresentation, or other misconduct. The coordinator was unable to follow through on his agreement because he was on leave of absence.[4] Lastly, as the plaintiff's rule 60(b)(6) motion was brought only a little more than one year after the judgment entered and given the underlying circumstances detailed in the judge's findings, I cannot say with assurance that the judge abused his discretion in concluding that the motion was brought within a reasonable time.

---

[2]I disagree with the defendants' assertion that the judge's findings are not sufficiently supported by the record.

[3]The judge also observed that notice of the plaintiff's claims had been provided to the hospital's risk management attendant and the motion to vacate was brought only thirty days after the time that the plaintiff would have been allowed to file his motion pursuant to rule 60(b)(1)-(3).

[4]In support of his opposition to the defendants' motion for reconsideration, the plaintiff filed an affidavit of counsel in which counsel stated that the hospital's risk management coordinator had agreed to accept service on behalf of all the defendants, that the coordinator subsequently took a leave of absence, and that when the deputy sheriff attempted to make service, it was refused, presumably due to a misnomer of the hospital's name.