Brant, J.
In 2003, Laurene Duhart Jackson (“Jackson”), an attorney in Decatur, Georgia, retained Kirk R. Daffner (“Daffner”), a neurologist who lives in Newton, Massachusetts and practices at Brigham & Women’s Hospital in Boston, to be an expert witness in a case Jackson was preparing for trial in Savannah, Georgia. As part of his engagement, Daffner had to be deposed in Massachusetts and testify at the trial in Georgia.
After a dispute arose concerning whether Jackson had paid all of Daffner’s fees for his services, Daffner brought this suit in the Newton Division of the District Court Department on September 12, 2003. The complaint sought $7,279.00 in damages, the purported unpaid balance of Daffner’s fees, for Jackson’s alleged breach of contract and violation of G.L.c. 93A. Jackson first sought to have the case dismissed for lack of jurisdiction and, after that motion failed, answered the complaint denying liability.
After a pretrial conference on August 13, 2004, the judge scheduled the matter for a jury-waived trial on November 18, 2004. The judge’s pretrial order stated that any requests for continuance should be made by motion and include an affidavit of counsel. The order further stated that “trial dates may be continued for good cause only.”
On November 12, 2004, six days before the scheduled trial date, Jackson sent a letter to the trial court in Newton, addressed to several courts in Georgia and to the Newton Division, stating that she had various cases scheduled and would be unable to come to Massachusetts for the trial. The letter was not a motion for continuance and there was no affidavit attached. Despite Jackson’s failure to follow the requirements of the pretrial order, the judge continued the trial to January 13,2005. But the judge not only reissued her trial order with its language requiring a motion and affidavit for any continuance, but also issued a “Notice of Next Event,” which listed the new trial date and stated in bold letters, “You are required to be present at this event.” The Notice further stated: “If you have good reason to request the court to reschedule this event for another date, such request must be made by motion in accordance with the applicable court rule. Please note that the granting of a continuance is not automatic even when all the parties agree.”
*59 Jackson did not appear for trial on January 13, 2005, and did not file any motion for a continuance.[1] The judge defaulted Jackson and then proceeded, in Jackson’s absence, with a hearing on damages. On January 31, 2005, the judge issued a "written decision finding against Jackson on both Daffner’s breach of contract and G.L.c. 93A claims. Daffner was awarded $7,279.43 in contract damages, and $14,558.86 in double damages under G.L.c. 93A.
On February 21, 2005, Jackson sent a letter addressed to the judge in Newton requesting that the decision in favor of Daffner be set aside because the Newton court had no jurisdiction over the matter. The letter was not a Mass. R. Civ. R, Rule 55(c) motion to remove the default. Since the judge had previously denied a motion to dismiss on jurisdictional grounds, she properly ignored the letter and did not respond. On April 8,2005, the judge amended her decision to add $2,500.00 in statutory attorney’s fees. A default judgment against Jackson was entered on April 11, 2005.
On May 24, 2005, the trial court received still another letter from Jackson and a notice of appeal, which the court deemed moot. The notice of appeal was, in any event, submitted well past the expiration of the 10-day filing period prescribed by Dist./Mun. Cts. R. A. D. A., Rule 4(a). See generally Richardson v. Foodmaster Supermarket, Inc., 1998 Mass. App. Div. 49.
No additional action was taken by Jackson for more than two years until Daffner hired local counsel in Georgia and attempted to collect on his judgment. On July 11, 2007, Jackson filed a motion in the Newton Division to vacate the default judgment. On August 2, 2007, after a hearing, the judge denied the motion. This appeal followed.
Because more than one year had passed from the entry of the default judgment, any motion by Jackson to vacate that judgment had to be filed pursuant to Mass. R. Civ. P., Rule 60(b) (6), which provides that “the court may relieve a party or his legal representative from a final judgment, order, or proceeding for ... (6) any other reason justifying relief from the operation of the judgment.” Newbury College v. Bernadotte, 2008 Mass. App. Div. 171, 171-172. A Rule 60(b) (6) motion must be predicated upon a demonstration of “extraordinary circumstances” justifying relief from judgment. M.B. Claff, Inc. v. Massachusetts Bay Transp. Auth., 441 Mass. 596, 603 (2004), and must be filed within a reasonable time after judgment entry. Kennedy v. Beth Israel Deaconess Med Ctr., Inc., 73 Mass. App. Ct. 459, 467 (2009). In determining whether Rule 60(b) (6) relief is warranted, a judge may consider the extent of, and reason for, the delay in filing the motion to vacate judgment; the identification by the movant of a colorable claim or defense; the substantial and competing interests of the parties; and, ultimately, the sufficiency and exceptional nature of the circumstances asserted to bring the motion within the meager and limited scope of the rule. Duco Enters., Inc. v. Abdelnour, 1994 Mass. App. Div. 103, 105.
In reviewing a trial judge’s decision on a Rule 60(b) motion, it is well established that “our review of the judge’s denial of the motion to vacate the default judgment *60 necessarily begins with clear deference to her exercise of discretion.” Automotive Specialties, Inc. v. Anza, 2008 Mass. App. Div. 199, 201.
There is no basis in this case for any conclusion that the judge abused her discretion in denying relief under Rule 60(b) (6). Jackson, a lawyer, waited two years before filing her motion, and did so only when Daffner sought to collect on his judgment in Georgia. Jackson raised no substantial defenses in her motion. In addition, her default occurred on a second trial date scheduled after the judge had given Jackson another chance to appear despite Jackson’s failure to comply with an explicit court order specifying the procedure to be followed to obtain a continuance of the first trial date. Jackson failed to appear for trial twice in defiance of court orders, and then delayed more than two years before seeking relief from the default judgment by means of a motion devoid of any claim of a meritorious defense. The judge acted properly in denying Jackson’s Rule 60(b) (6) motion. Kennedy, supra.
The denial of Jackson’s motion to vacate judgment is affirmed. Appeal dismissed.
So ordered.

 Jackson claims to have sent another letter to the trial court on January 7, 2005, indicating that she could not attend. There is nothing in the record to indicate any such letter was ever received.