NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-692

ROCKLAND TRUST COMPANY

vs.

ROBERT J. LANGONE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This matter, which has been in litigation for an astonishing twenty-plus years, originates from two promissory notes issued in the 1980s to Rockland Trust Company (Rockland Trust) by Aunyx Corporation (Aunyx), a now defunct corporation. Rockland Trust first filed an action to collect on the notes in 1991, but that action was dismissed by agreement of the parties. Over ten years later, after Aunyx was dissolved, Rockland Trust filed this action in the District Court against Robert J. Langone, as guarantor of Aunyx's obligations, seeking again to collect on the notes.  After a bench trial, Rockland Trust prevailed on its claims, and judgment entered in its favor in January 2007.  That judgment was later amended in February 2009

and April 2010.

In October 2010, after his unsuccessful appeal to a panel of this court, Langone moved in the District Court for relief pursuant to Mass. R. Civ. P. 60 (b) (6), 365 Mass. 828 (1974). The judge who presided over the original trial (first judge) allowed the motion on the ground that Langone's counsel had failed to raise a potentially dispositive argument at the trial. After Langone was then allowed to assert a new counterclaim for breach of contract, Rockland Trust's claims and Langone's counterclaims were litigated for the next several years, resulting in new judgments that entered in 2021. Both parties appealed from the judgments to the Appellate Division of the District Court, which dismissed Rockland Trust's appeal based on its noncompliance with Dist./Mun. Cts. R. A. D. A. 8C (1994), and rejected Langone's appeal on the merits.

The parties' cross-appeals from the Appellate Division's decision are now before us. While the briefs raise numerous issues, we need decide only two of them to resolve the appeals. First, we conclude that the Appellate Division erred in dismissing Rockland Trust's appeal. Second, on the merits of Rockland Trust's appeal, we conclude that the first judge erred in allowing Langone's motion for relief under rule 60 (b) (6). Accordingly, we reverse the decision of the Appellate Division

2

dismissing the appeal and the first judge's order allowing the motion for relief under rule 60 (b) (6), vacate the 2021 judgments, and remand the matter to the District Court for reinstatement of the April 2010 amended judgment and for further proceedings.

Background. The following essential facts are undisputed. In May 1984 and May 1987, Aunyx issued two promissory notes to Rockland Trust in the amounts of $95,633 and $12,493.11, respectively. Langone was then the president of Aunyx and in June 1984 executed an unlimited guaranty of its obligations to Rockland Trust.

In 1991 Rockland Trust filed a complaint in the District Court against Aunyx and Langone, seeking to collect the amounts allegedly owed under the promissory notes. The 1991 action was later dismissed by agreement of the parties. The terms of this agreement, although the subject of later litigation, are not apparent from the record.

In 2003, over five years after Aunyx was formally dissolved, Rockland Trust filed this action against Langone, claiming that he was liable under the guaranty to pay the remaining amounts owed under the promissory notes. In January 2007, after a bench trial, the first judge ruled in favor of Rockland Trust on its claims and on Langone's counterclaim under

G. L. c. 93A, and judgment entered for Rockland Trust in the amount of $43,179.29 in damages, plus $15,000 in attorney's fees and $5,648.50 in costs. Following extensive postjudgment motion practice and a stop at the Appellate Division, the parties' various appeals and cross-appeals were docketed in this court. In December 2009 a panel of this court issued an unpublished memorandum and order affirming in all respects, and the Supreme Judicial Court denied further appellate review in January 2010.

In October 2010 Langone returned to the District Court and moved under rule 60 (b) (6) for relief from all judgments previously entered against him. Langone argued that he was entitled to relief based on allegedly unethical conduct by Rockland Trust's attorney and the alleged recent discovery that the 1984 note was "rolled into" a subsequent note, which was stamped "PAID." The court took no action on Langone's motion until a hearing was held in February 2014. After that hearing Langone filed a supplemental memorandum in which he argued that "[a]s established at the hearing" Rockland Trust had "falsely represented" at trial that the 1984 note "was Note #01218 when in actuality it was an entirely different Note #5?128."

In July 2014 the first judge allowed Langone's motion and vacated the original judgment on the ground that "the discrepancy between the note used in this underlying action and

4

the note identified on [Rockland Trust's] accounting ledger" raised a question "whether or not the debts which were the subject of these notes were paid or perhaps rolled into other notes and then satisfied." A year later, Langone filed a motion to assert a new counterclaim for breach of contract, which a second judge allowed over Rockland Trust's opposition. This counterclaim was tried before a jury in May and June 2018, while Rockland Trust's claims and Langone's c. 93A counterclaim were reserved for decision by the trial judge (third judge).

After multiple days of testimony, the jury returned a special verdict finding in Langone's favor on his breach of contract claim. The third judge then issued a decision on the jury-waived claims, finding in Langone's favor on Rockland Trust's claim under the 1984 note, and in Rockland Trust's favor on its claim under the 1987 note and Langone's c. 93A counterclaim. Subsequently, the third judge allowed both parties' respective motions to assess prejudgment interest from the date of the breach of contract and denied Rockland Trust's motion for attorney's fees relating to its claim under the 1987 note. On March 31, 2021, judgments entered accordingly in the amounts of $44,901.61 for Rockland Trust and $592,628.02 for Langone.

On April 6, 2021, Rockland Trust filed a timely notice of appeal to the Appellate Division. On May 17, 2021, Rockland Trust filed a designation that it was appealing on the record of proceedings pursuant to Dist./Mun. Cts. R. A. D. A. 8C (rule 8C designation).[1] Langone filed his own notice of appeal to the Appellate Division on April 16, 2021.

On November 24, 2021, Langone moved to dismiss Rockland Trust's appeal on the ground that Rockland Trust did not file its rule 8C designation within thirty days of filing its notice of appeal, as required by rule 8C. After a hearing a fourth judge denied Langone's motion. Langone then filed another notice of appeal to the Appellate Division from the fourth judge's order.

In a January 2025 decision, the Appellate Division dismissed Rockland Trust's appeal, concluding that Rockland Trust's eleven-day delay in filing its rule 8C designation warranted the penalty of dismissal. The Appellate Division rejected Langone's appeal from the underlying judgments on the merits.

---

[1] Although the District Court docket reflects that Rockland Trust filed its rule 8C designation on May 14, 2021, Rockland Trust does not dispute that that is an error and the actual filing date is May 17.

Discussion. 1. Dismissal of Rockland Trust's appeal. The rules governing appeals to the Appellate Division provide for three alternative routes of appeal. As pertinent here, rule 8C allows an appellant to appeal based on "the record of proceedings." Dist./Mun. Cts. R. A. D. A. 8C. To proceed under this route, the appellant must file a designation of its intent to do so, accompanied by a copy of the transcript order or a certification that production of a transcript is not necessary. See id. Where, as here, no procedures under rules 8A or 8B were initiated, the rule 8C designation must be filed within thirty days of the filing of the notice of appeal. See id.

Rockland Trust does not dispute that it filed its rule 8C designation eleven days too late. It argues, however, that the Appellate Division erred in dismissing its appeal because the fourth judge's order denying Langone's motion to dismiss the appeal was not an appealable order and, even were it appealable, the fourth judge did not abuse his discretion in denying the motion. We agree with the latter contention and thus need not reach the former.[2]

---

[2] As Rockland Trust observes, several Supreme Judicial Court opinions from the mid-twentieth century endorse the proposition that "[a]n order denying a motion to dismiss an appeal is neither an interlocutory nor a final decree, and is not appealable." MacNeil Bros. Co. v. State Realty Co. of Boston, 334 Mass. 706, 706 (1956). See also, e.g., Thayer Co. v. Binnall, 326 Mass. 467, 471 (1950). It is unclear from those

7

In determining whether a procedural error warrants dismissal of an appeal, "a distinction is taken between serious missteps and relatively innocuous ones." Schulte v. Director of Div. of Employment Sec., 369 Mass. 74, 79 (1975). Some errors, such as those relating to the timely institution of an appeal, "are seen on their face to be so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal of the appeal." Id. With respect to other errors, however, "the judge is to consider how far they have interfered with the accomplishment of the purposes implicit in the [procedural] scheme and to what extent the other side can justifiably claim prejudice" and then "decide whether the appeal should go forward without more, or on terms, or fail altogether." Id. at 80.

Here, without engaging in that inquiry, the Appellate Division determined that Rockland Trust's "failure to file a timely appeal on the record of proceedings designating the appellant's election to proceed under [r]ule 8C constitute[d] a serious procedural misstep, the presumptive penalty for which is

---

opinions, however, whether they are stating a rule of general applicability or a rule specific to the procedures of the Supreme Judicial Court at the time. Cf. Karen Constr. Co. v. Lizotte, 396 Mass. 143, 145-146 (1985) (reviewing and affirming judge's order denying plaintiff's motion to dismiss defendant's appeal as untimely). Thus, where we can reach a decision on a different ground, we think it prudent to do so.

the dismissal of the appeal."  The Appellate Division then determined that the only way Rockland Trust could have avoided dismissal was to bring a motion to enlarge under Dist./Mun. Cts. R. A. D. A. 14 (b), setting forth good cause for its delay in filing the rule 8C designation.  Because Rockland Trust did not bring such a motion, the Appellate Division concluded that the fourth judge had no discretion to enlarge the rule 8C time period and that dismissal of Rockland Trust's appeal was thus required as a matter of law.

We agree with Rockland Trust that this was error.  Rockland Trust's delay in filing its rule 8C designation was not, as the Appellate Division suggested, akin to a failure to institute a timely appeal.  There is no dispute that Rockland Trust filed a timely notice of appeal from the judgments; its failure to file its rule 8C designation within thirty days of the notice, while a procedural misstep, was not one that affected the validity of the appeal.  See Dist./Mun. Cts. R. A. D. A. 3 (a).  Moreover, that Rockland Trust did not file a motion to enlarge under rule 14 (b) did not justify dismissal of its appeal as a matter of law.  Rockland Trust cured its noncompliance with rule 8C within eleven days of the deadline, and Langone did not file his motion to dismiss the appeal until over six months later.  Meanwhile, transcripts were filed with the court, and Rockland Trust took

9

steps to perfect its appeal by filing a supplement to its rule 8C designation.  In these circumstances Rockland Trust could reasonably have believed that it did not need to file a motion to enlarge.  Cf. Mass. R. A. P. 10 (c), as appearing in 481 Mass. 1618 (2019) (appeal may not be dismissed based on appellant's noncompliance with procedural rules governing assembly of record if appellant cures noncompliance before hearing on motion to dismiss).

Contrary to the Appellate Division's reasoning, the relevant question is not one of law, but whether the fourth judge abused his discretion in denying Langone's motion to dismiss Rockland Trust's appeal.  See Karen Constr. Co. v. Lizotte, 396 Mass. 143, 146 (1985) (denial of motion to dismiss appeal reviewed for abuse of discretion).  Cf. Scheuer v. Mahoney, 80 Mass. App. Ct. 704, 708 (2011) (dismissal of appeal reviewed for abuse of discretion).  Indeed, the Appellate Division's own precedent recognizes that judges have "broad discretion" to extend the deadlines for complying with rule 8C (quotation and citation omitted).  Choice Health v. Devcon Enters., 2006 Mass. App. Div. 93, 94 (2006).  We see no abuse of that broad discretion on the record before us.  Rockland Trust missed the rule 8C deadline by only eleven days and was otherwise diligent in prosecuting its appeal, and Langone does

10

not, and cannot reasonably, claim that he was prejudiced by the slight delay. The fourth judge could have determined in his discretion that the extreme penalty of dismissal was unwarranted on these facts. See id. at 94-95 (judge was within discretion to allow enlargement of time to comply with rule 8C where appellant took other steps to perfect appeal and three-week delay in filing rule 8C designation "in no way prejudiced" appellee).

Moreover, Langone's failure to file a transcript of the motion to dismiss hearing with the Appellate Division precludes us from reaching the opposite conclusion. We cannot blindly accept Langone's representation that the transcript would not make any difference to our resolution of the issue. Because we do not know what was said at the hearing, we have no basis on which to conclude that the fourth judge abused his discretion in denying Langone's motion. See Karen Constr. Co., 396 Mass. at 146 ("Given the broad discretion granted to the judge in this matter and the opportunity he had to hear counsel's argument, we cannot say that he abused his discretion in denying the [plaintiff's] motion to dismiss the [defendant's] appeal"); Cameron v. Carelli, 39 Mass. App. Ct. 81, 84 (1995) (appellant's obligation to include parts of records essential for review "is

11

a fundamental and long-standing rule of appellate civil practice" [quotation and citation omitted]).

2. Merits.[3] Rockland Trust argues that the March 2021 judgments should be reversed on various, alternative grounds, including that the first judge should not have allowed Langone's motion under rule 60 (b) (6) for relief from the original judgment. We agree that the first judge erred in vacating the original judgment and thus need not address Rockland Trust's other arguments.

"In the interest of finality of judgments, relief under rule 60 (b) (6) is only to be granted in extraordinary circumstances." Sahin v. Sahin, 435 Mass. 396, 406 (2001). A judge may allow a motion under rule 60 (b) (6), the "catchall provision," only "when justified by some reason other than those set forth in rule 60 (b) (1)-(5)." Id. at 406-07.

_____

[3] Langone argues in a footnote in his brief that, in the event we were to reverse the Appellate Division's dismissal of Rockland Trust's appeal, the appropriate course of action would be to remand the appeal to the Appellate Division for decision on the merits. Rockland Trust counters in its reply brief that we should reach the merits in the first instance because a remand would only result in additional delay. When asked about this issue at oral argument, Langone's counsel did not take a firm position on it and instead deferred to the court's discretion. In the circumstances, and because the merits of Rockland Trust's appeal have been briefed, we will exercise our discretion to reach them.

12

As mentioned, the first judge allowed Langone's motion based on the alleged discrepancy between the number on the 1984 note and the number on Rockland Trust's accounting ledger, which the first judge found raised a question whether Langone had in fact paid the note. Langone's counsel did not make this argument at trial, even though both the 1984 note and the accounting ledger had been admitted in evidence. Nonetheless, drawing an analogy to the right of effective assistance of counsel in criminal cases, the first judge concluded that vacatur of the original judgment was warranted because "justice would be defeated if the court were to ignore the deficiency in [Langone's] presentation at trial."

While well intentioned, this was not a proper basis for granting rule 60 (b) (6) relief. A motion to vacate based on inattention or negligence by counsel falls "within the purview of rule 60 (b) (1)," which applies to "mistake, inadvertence, surprise, or excusable neglect." Kennedy v. Beth Israel Deaconess Med. Ctr., Inc., 73 Mass. App. Ct. 459, 464 (2009). See Tibbits v. Wisniewski, 27 Mass. App. Ct. 729, 731 (1989). Motions under rule 60 (b) (1) must be brought within one year of entry of judgment, and this "time limit cannot be extended." Chavoor v. Lewis, 383 Mass. 801, 803 (1981). Here, Langone filed his motion more than three years after the original

13

judgment on liability entered in January 2007.  The court was therefore "without power to entertain" the motion.  Spadorcia v. South Shore Oral Surgery Assocs., Inc., 17 Mass. App. Ct. 362, 364 (1984).  We are unpersuaded by Langone's contention that the one-year limitation does not apply because his motion expressly sought relief under rule 60 (b) (6).  It is the substance, not the title, of the motion that matters, and even "egregious inattention of counsel" does not allow a party to use the catchall provision to "circumvent[] the time limits written into rule 60 (b) in clauses (1), (2), and (3)."  Tibbits, supra at 732.  See Kennedy, supra at 467.[4]

We are further unpersuaded by Langone's contention that Rockland Trust waived its right to challenge the first judge's order by initially filing an appeal from the order and then withdrawing it.  The first judge's order was interlocutory, and not, as Langone says, a "final appealable judgment."  See Chavoor, 383 Mass. at 803.  Even assuming that Rockland Trust could have pursued an interlocutory appeal, it was not required

---

[4] To the extent Langone's motion sought relief based on newly discovered evidence and unethical conduct by Rockland Trust's attorney, those arguments fall under rule 60 (b) (2) (newly discovered evidence) and 60 (b) (3) (misconduct of an adverse party), respectively.  Both of those rules are also subject to a one-year time limitation.  See Mass. R. Civ. P. 60 (b).

14

to do so but was instead entitled to wait until entry of final judgment and then appeal.  See Littles v. Commissioner of Correction, 444 Mass. 871, 877 (2005); Roberson v. Boston, 19 Mass. App. Ct. 595, 597 (1985).  In other words Rockland Trust's withdrawal of its interlocutory appeal "in no way prejudice[d] [its] ability to secure review of" the first judge's order "on appeal following final judgment."  Packaging Indus. Grp., Inc. v. Cheney, 380 Mass. 609, 613 (1980).

For these reasons we are constrained to conclude that the first judge erred in granting relief under rule 60 (b) (6) and vacating the original judgment.  Our conclusion in this regard makes it unnecessary for us to reach the numerous other issues raised by the parties in their respective appeals, including Rockland Trust's arguments that Langone's counterclaim for breach of contract fails as a matter of law[5] and Langone's arguments that we should reverse certain aspects of the third judge's decision on the jury-waived claims.  As the first judge was without the power to reopen the matter in the first place,

---

[5] We note that Rockland Trust's arguments are not without force.  In particular, Rockland Trust credibly argues that there was no contract between Rockland Trust and Aunyx; that, even if there was, Langone was not an intended beneficiary; and that Langone's claim is barred by the statute of limitations.  These arguments appear to raise questions of law that should have been resolved by the court instead of the jury, as Rockland Trust repeatedly asserted below.

15

see Spadorcia, 17 Mass. App. Ct. at 364, the protracted proceedings that followed are a nullity. The judgments after the jury trial and on the jury-waived claims must therefore be vacated, and the original judgment reinstated. Because the parties have not briefed how prejudgment interest and attorney's fees should be calculated in this situation, the matter is remanded for further proceedings on those questions.[6] We add, however, that it is this court's sincere hope that the parties can move expeditiously toward a fair and equitable resolution and finally put this decades-long litigation to an end.

Conclusion. The January 2025 decision of the Appellate Division dismissing the appeal is reversed. The order of the District Court judge dated July 24, 2014, allowing the motion for relief under rule 60 (b) (6) is reversed. The judgments dated March 31, 2021, are vacated, and the matter is remanded to

_____

[6] Although Rockland Trust does argue that the third judge erred by denying its motion for attorney's fees relating to its claim under the 1987 note, we need not reach that issue. The third judge's rationale was that it would be reasonable for the parties to bear their own fees because Langone prevailed on his counterclaim for breach of contract. Because we are vacating the judgment on the counterclaim, the third judge's rationale is no longer applicable. We note that the guaranty provides that "[t]he Guarantor further agrees . . . to pay to the Bank forthwith upon demand, in funds immediately available to the Bank, all costs and expenses (including court costs and legal expenses) incurred or expended by the Bank in connection with this Guaranty and the enforcement hereof."

16

the District Court for reinstatement of the amended judgment dated April 14, 2010, and for further proceedings consistent with this decision.

<u>So ordered</u>.

By the Court (Shin, Walsh & Allen, JJ.[7]),

Clerk

Entered: March 27, 2026.

---

[7] The panelists are listed in order of seniority.